# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MORRELLI, et al., | 1:18-cv-1395-LJO-SAB |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| CORIZON HEALTH, INC., a Delaware corporation, and DOES 1 through 25, inclusive | (Doc. 5) |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs, on behalf of themselves and a putative class of similarly situated individuals, filed a complaint against Defendant Corizon Health, Inc. ("Defendant") in Fresno County Superior Court on September 5, 2018 alleging various wage-and-hour claims under California law; Defendant removed the complaint to federal court on October 9, 2018, and filed the currently pending Motion to Dismiss pursuant to Federal Rule 12(b)(6) on October 16, 2018, which Plaintiffs oppose. (Docs. 1, 5, 8.) For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED; Plaintiffs may file an amended complaint within 14 days of the date of this order.

1

## II. BACKGROUND

Plaintiffs were employed by Defendant as Licensed Vocational Nurses and Registered Nurses to provide health care services at correctional facilities within the State of California. Plaintiffs, on behalf of themselves and others similarly situated, allege Defendant established and carried out a policy which violated California's wage-and-hour laws in that Plaintiffs and putative class members were not paid wages according to California law for hours they were required to work including during statutory lunch and break periods; overtime hours; and unpaid time performing travel, writing reports, and preparing to begin work. Defendant required Plaintiffs and class members to work a minimum of three 12-hour shifts per week, and wrongfully restricted Plaintiffs and putative class members to the work site instead of allowing meal breaks. Plaintiffs filed a complaint against Defendant stating seven causes of action pursuant to California Law: (1) failure to pay overtime; (2) failure to provide compliant meal breaks; (3) failure to provide compliant rest breaks; (4) failure to pay minimum wages; (5) failure to provide accurate wage statements; (6) failure to pay all wages due and owing at the time of employment termination; (7) and for violation of California's Unfair Business Practices Act.

## III. ANALYSIS

**A.      Legal Standard – Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'. . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint...must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**B.     Plaintiffs' Claims are Insufficiently Pled**

      **1.     Failure to Pay Overtime**

California law requires employers to pay employees overtime wages when employees work more than eight hours per day, and they are required to pay double-time wages for any time worked exceeding 12 hours per day. Cal. Labor Code § 510. Plaintiffs' first claim alleges Defendant failed to pay overtime wages as required under the Labor Code.

Defendant asserts that Plaintiffs' overtime claim is insufficiently pled because there are no facts showing Plaintiffs worked overtime that Defendant failed to pay. Defendant contends Plaintiffs' allegations are merely conclusory statements that Plaintiffs and the putative class members worked more

3

than 8 hours per day or more than 40 hours per week.

Plaintiffs maintain they have sufficiently alleged they were scheduled to work at least three 12-hour shifts every workweek, and that they worked without payment of overtime wages. Plaintiffs contend it can be reasonably inferred that Plaintiffs worked at least four hours of overtime per workday at least three times every workweek without payment of overtime wages.

In *Landers v. Quality Communications, Inc.*, the Ninth Circuit considered the pleading standard post *Twombly and Iqbal* for wage and hour claims under the FLSA. The plaintiff in *Landers* alleged the defendants failed to pay him the wages he was due, but provided no detail regarding a given workweek when he was not paid his wages. *Id.* at 646. Though the Ninth Circuit declined "to impose a requirement that a plaintiff alleging failure to pay minimum wages or overtime wages must approximate the number of hours worked without compensation," it nevertheless held that "at a minimum, the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Id.* The Ninth Circuit noted that although the plaintiff's allegations "'raise[d] the possibility' of undercompensation . . . a possibility is not the same as plausibility." *Id.* District courts applying *Landers* "have offered varying and possibly inconsistent standards for stating wage-and-hour claims under California law." *Sanchez v. Ritz Carlton*, No. 15-cv-3484 PSG (PJWx), 2015 WL 50009659, at *2 (C.D. Cal. Aug. 17, 2015). "On the one hand, *Landers* clarifies that mere conclusory allegations that class members 'regularly' or "regularly and consistently' worked more than 40 hours per week – without any further detail fall short of *Twobly/Iqbal*." *Tan v. GrubHub Inc.*, 171 F. Supp. 3d 998, 1007 (N.D. Cal. 2016). "On the other hand, *Landers* does not require the plaintiff to identify any exact calendar week or particular instance of denied overtime," but the plaintiff must supply allegations that "give rise to a plausible inference that there was such an instance." *Id.* at 1008. At a minimum, "there must be something beyond conclusory allegations that ties the alleged [L]abor [C]ode violation to Plaintiffs such as allegations about either Plaintiffs' schedules to substantiate that they worked double/overtime shifts that would trigger overtime pay[.]" *Id.*

Plaintiffs allege they were routinely scheduled for 12-hour shifts, but what is not clear is how it can be reasonably inferred Plaintiffs were not paid overtime wages that were due. Plaintiffs allege only that Defendant "failed to pay Plaintiffs and class members the required minimum and overtime wages for all time worked." (Cmplt., ¶ 29.) This allegation is a general one – it contains no *facts* indicating how and what overtime compensation was not paid. (Complt., ¶ 29.) Specifically, while Plaintiffs may have worked 12-hour shifts each week, this does not mean overtime compensation was not paid for each of these shifts, and there is no specific allegation that Defendant paid only straight-time for shifts over 8 hours, or that Defendant failed to pay overtime for some shifts over 8 hours long. Moreover, the single conclusory allegation that Defendant failed to pay overtime compensation (Cmplt., ¶ 29) is blended with an allegation that Plaintiffs routinely worked more than 40 hours per week; so, the alleged failure to pay overtime could refer to time worked over 40 hours per week, not necessarily time worked over 8 hours per day, and the allegations do not show how Plaintiffs – regularly scheduled to work 36 hours per week – nonetheless worked more than 40-hours per week for which overtime was not paid. These allegations are insufficient under *Landers* to create a plausible inference that Defendant failed to pay Plaintiffs overtime compensation. Plaintiffs' opposition brief maintains Defendant paid only straight-time for all hours worked, meaning there was *no* overtime compensation paid for *any* shift Plaintiffs worked longer than 8 hours. Based on that, Plaintiffs contend every shift they worked included unpaid overtime because Plaintiffs routinely worked 12-hour days. This is not articulated in the complaint itself, however. Without an allegation that Plaintiffs were not paid overtime for some or all shifts longer than 8 hours, the inference that Defendant failed to pay overtime merely because Plaintiffs worked 12-hour shifts cannot plausibly be made.

As for Defendant's alleged failure to pay overtime for workweeks over 40 hours, it is unclear how Plaintiffs routinely worked longer than 40 hours per week if they were regularly scheduled for 36 hours per week (three 12-hour shifts per week). Plaintiffs must provide more factual details to support an inference there was at least one instance where they worked more than 40 hours per week without

5

commensurate overtime compensation.  This claim is dismissed with leave to amend.

**2.     Meal and Rest Break Claims**

The California Labor Code requires employers to provide off-duty meal periods of at least 30 minutes for each day worked of five hours or more, and to provide a second meal period of at least 30 minutes for each day worked of 10 hours or more.  Cal. Labor Code §§ 512(a), 226.7.  Plaintiffs allege Defendant failed to provide either the first or second 30-minute off-duty meal break, but still deducted such meal break periods from Plaintiffs' wages.  In doing so, Defendant failed to relieve Plaintiffs of all work obligations and prohibited Plaintiffs from leaving the work premises during such breaks.

The California Labor Code also requires employers to provide paid off-duty rest periods to Plaintiffs and putative class members of 10 minutes for each four hours and major fractions thereof worked.  Plaintiffs allege Defendant failed to provide them with paid, off-duty rest breaks, nor did Defendant pay Plaintiffs an additional hour of pay at the regular rate for each workday on which a compliant rest break was not provided.

Defendant contends the complaint lacks factual allegations detailing how these meal- and rest-break violations occurred – there are no allegations how Defendant required Plaintiffs to work through meal or rest periods or what prevented Plaintiffs from leaving the worksite during their breaks.  As a result, Defendant maintains there is no basis to infer that meal- or rest-break violations occurred. Plaintiffs argue that whether Defendant provided off-duty meal and rest periods is dependent on whether Defendant exercised control over Plaintiffs by prohibiting them from leaving the work site during their statutorily required breaks; Plaintiffs were restricted to the work site during their scheduled twelve-hour shifts and not permitted to leave the worksite, which is sufficient to plausibly show they were denied their meal and rest break periods.

The Court agrees with Defendant that the complaint fails to set forth facts showing what types of controls or restrictions precluded Plaintiffs from taking meal and rest breaks (*see* Cmplt., ¶ 33); without such factual detail, the allegations that Plaintiffs were denied breaks are merely conclusory statements.

Courts have dismissed similar meal- and rest-break allegations that lacked factual support about how a defendant forced employees to forego breaks. *Morales v. Amazon.com, LLC*, No. 2:17-cv-1981, 2018 WL 3636888 at *2 (C.D. Cal. July 30, 2018) ("A broad conclusory statement that workload and pressure required employees to work through their breaks is not enough to establish that Defendants violated the California Labor Code."). While Plaintiffs' opposition brief articulates a factual basis to support the bare allegations in the complaint, facts articulated in Plaintiffs' opposition brief cannot cure the deficiencies of the complaint. *See Dietz Int'l Public Adjusters of Cal. Inc., v. Evanston Ins. Co.*, No. 09-cv-6662-MMM (Ex), 2009 WL 10673937, at * 3 n.27 (C.D. Cal., Dec. 15, 2009); *see also Barbera v. WMC Mortgage Corp.*, No. C 04–3738, 2006 WL 167632, *2 n. 4 (N.D. Cal. Jan. 19, 2006) ("It is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984))); *Horne v. U.S. Dep't of Education*, No. CV–08–1141, 2009 WL 775432, *5 (D. Ariz. Mar. 23, 2009) ("[T]he state cannot simply amend their Complaint by making new allegations in an opposition brief." (citing *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007))). Plaintiffs' meal- and rest-break claims are dismissed with leave to amend, as the opposition articulates facts indicating Plaintiffs' meal- and rest-break claims are curable through amendment.

### 3. **Unpaid Minimum Wages**

California Labor Code § 1194 requires employers to pay at least minimum wages for all the time Plaintiffs and class members were suffered or permitted to work or were under their employer's control.

Plaintiffs allege Defendant automatically deducted time from Plaintiffs' total hours worked for meal periods that were not provided, during which times Plaintiffs and putative class members were working and/or remained under Defendant's control in that they were not permitted to leave the work premises. (Cmplt., ¶ 42.) In addition to not paying wages for break time Plaintiffs spent working, they also generally assert Defendant did not pay them for time spent traveling, giving reports, or preparing to begin work. (Cmplt., ¶ 14.)

7

Defendant maintains these allegations, like Plaintiffs' meal- and rest-break claims, lack any facts showing how they worked time for which minimum wages were not paid. As to the work performed during breaks, Defendant maintains there are no facts showing how Plaintiffs were forced to perform work and were under Defendant's control during break periods. While there are three other general categories of work for which Plaintiffs maintain they were not compensated, Defendant argues Plaintiffs fail to provide a single example of Plaintiffs performing any of this type of work without pay.

Plaintiffs contend the complaint adequately alleges they were under Defendant's control during meal periods, but they were not paid for this break time that they worked. Plaintiff maintains these meal-break allegations create a plausible inference that Defendant failed to pay minimum wages for all the time Plaintiffs worked. However, as there are no factual allegations in the complaint showing how Plaintiffs remained under Defendant's control during break periods, the conclusory allegations about the failure to pay Plaintiffs for such breaks cannot form the basis of an adequately pled a claim for the failure to pay minimum wage. Moreover, there are no other specific allegations that Plaintiffs performed work such as preparing reports, travel time, or time spent preparing for a shift for which they received no compensation. The allegations here merely track the statutory language of the Labor Code, but fail to provide any factual detail to support a reasonable inference that Defendant failed to pay the minimum wages due for work performed. Plaintiffs' claim for unpaid minimum wages is dismissed with leave to amend.

### 4. **Fifth, Sixth, and Seventh Causes of Action**

Plaintiffs plead claims that Defendant (1) failed to provide accurate wage statements; (2) failed to pay all wages due and owing at termination of employment; and (3) violated California's Unfair Competition Law.

Plaintiffs' Fifth Cause of Action is predicated on California Labor Code § 226 which requires that employers must furnish employees with accurate itemized wage statements. Here, Plaintiffs allege Defendant failed to provide adequate wage statements because it did not accurately set forth the number

8

of overtime hours worked or the hours worked during times for which wages were deducted for break periods. (Cmplt., ¶ 47.)

Plaintiffs' Sixth Cause of Action arises under California Labor Code §§ 201, 202, and 203 which require employers to pay all wages due and owing immediately upon an employee's involuntary termination of employment, and within 72 hours to employees who quit voluntarily. Plaintiffs allege that Defendant failed to pay Plaintiffs all wages due on employment termination because Defendant knew it had failed to pay overtime or double-time wages and wages had been deducted for off-duty meal periods that were not provided. (Cmplt., ¶ 51.)

Plaintiffs' Seventh Cause of Action arises under California Business and Professions Code § 17200. Plaintiffs allege Defendant violated Section 17200 by virtue of the alleged California Labor Code violations in failing to pay overtime, failing to provide breaks, failing to provide accurate wage statements, and failure to pay wages promptly upon termination. (Cmplt., ¶¶ 54-55.)

As currently stated, Plaintiffs' Fifth, Sixth, and Seventh claims are all dependent upon adequately pled claims for failure to pay overtime compensation, failure to provide meal and rest breaks, and failure to pay minimum wages. As discussed above, however, none of those preceding claims are adequately pled. Moreover, Plaintiffs' Sixth claim for failure to pay wages timely upon discharge fails to provide any facts about when Plaintiffs' employment ended, either voluntarily or involuntarily, and what wages were not timely paid: the complaint merely states that some Plaintiffs terminated their employment and they were never paid minimum wages due for time worked, overtime wages, and meal and rest-break premiums. *Landers*, 771 F.3d at 644 (conclusory allegations in wage-and-hour cases that merely recite the statutory language are not sufficient to survive a motion to dismiss).

## IV. CONCLUSION AND ORDER

For the reasons set forth above, Plaintiffs' claims are insufficiently pled. Given the further factual detail supplied in the opposition brief, Plaintiffs appear able to cure the complaints deficiencies.

Accordingly, it is HEREBY ORDERED THAT:

9

1. Defendant's Motion to Dismiss is GRANTED;

2. Plaintiffs shall file an amended complaint within 14 days;

3. If Plaintiffs fail to file an amended complaint timely, the complaint will be dismissed with prejudice. The Court has gone to great efforts to detail the deficiencies. The Plaintiffs are given one chance to cure them. If they do not either because they cannot or because the details in this order were ignored, the horse will be removed from the ventilator and no additional opportunities will be afforded.

IT IS SO ORDERED.

Dated: **November 27, 2018**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE