1  **WAGNER, JONES, KOPFMAN
& ARTENIAN LLP**
2  Andrew B. Jones #076915
Daniel M. Kopfman #192191
3  Lawrence M. Artenian #103367
1111 East Herndon Avenue, Suite 317
4  Fresno, California 93720
Telephone: (559) 449-1800
5  Facsimile: (559) 449-0749

6  *Attorneys for Plaintiffs*, BRUCE MORRELLI, JOSE ROJAS, JANICE ANDRES, SANDRA
7  CRUZ-PEREZ, VICTORIA MARTINEZ, VERONICA VIZCARRA and LAURA PADILLA

8  ### UNITED STATES DISTRICT COURT

9  ### EASTERN DISTRICT OF CALIFORNIA

10  BRUCE MORRELLI, JOSE ROJAS,          Case No.: 1:18-CV-01395 LJO-SAB
11  JANICE ANDRES, SANDRA CRUZ-
PEREZ, VICTORIA MARTINEZ,              **CLASS ACTION FIRST AMENDED**
12  VERONICA VIZCARRA, and LAURA        COMPLAINT FOR DAMAGES AND
PADILLA,                              EQUITABLE RELIEF
13
                                      1. Violation of Labor Code §§510 and 1194
14              Plaintiffs,              (Failure to Pay Overtime)

15         vs.                         2. Violation of California Industrial Welfare
                                         Commission Order No. 4-2001, §11, and
16                                       Labor Code §§ 512(a) and 226.7 (Failure
                                         to Provide Compliant Meal Breaks)
17  CORIZON HEALTH, INC., a Delaware
corporation, and DOES 1 through 25,   3. Violation of California Industrial Welfare
18  inclusive,                           Commission Order No. 4-2001, § 12, and
                                         California Labor Code § 226.7 (Failure to
19              Defendant(s).            Provide Compliant Rest Breaks)

20                                      4. Violation of California Labor Code § 1194
                                         and California Industrial Welfare
21                                       Commission Order No. 4-2001, § 4
                                         (Failure to Pay Minimum Wages and
22                                       Claim for Liquidated Damages, Labor
                                         Code §1194.2)
23
                                      5. Violation of Labor Code § 226 (Failure to
24                                       Provide Accurate Wage Statements)

25                                      6. Violation of Labor Code §§ 201 and 203
                                         (Failure to Pay All Wages Due and Owing
26                                       at Termination of Employment)

27                                      7. Violation of Business & Professions Code
                                         §§ 17200 et seq.(Unfair Competition)
28
                                      **PLAINTIFFS DEMAND JURY TRIAL**

Plaintiffs BRUCE MORRELLI, JOSE ROJAS, JANICE ANDRES, SANDRA CRUZ-PEREZ, VICTORIA MARTINEZ, VERONICA VIZCARRA, and LAURA PADILLA (collectively "Plaintiffs") bring this action against Defendants CORIZON HEALTH, INC. and DOES 1 through 25, inclusive (hereinafter "Defendants"), and hereby allege as follows:

## GENERAL ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

1. Plaintiff BRUCE MORRELLI ("MORELLI") is an individual residing in Tulare County, California, and employed in Tulare County as a licensed vocational nurse by Defendants, and each of them, between approximately November 2013 and June 2018. Plaintiff MORELLI brings this action in his individual capacity, and also in a representative capacity on behalf of all other similarly situated California employees of Defendants, and each of them, during all times relevant to the allegations stated in this Complaint.

2. Plaintiff JOSE ROJAS ("ROJAS") is an individual residing in Tulare County, California, and employed in Tulare County as a registered nurse by Defendants, and each of them, between approximately October 2017 and June 2018. **Plaintiff ROJAS's employment with the Defendant, and each of them, was involuntarily terminated in June, 2018 when the Defendant, and each of them lost their contract with the County of Tulare.** Plaintiff ROJAS brings this action in his individual capacity, and also in a representative capacity on behalf of all similarly situated California employees of said Defendants, during all times relevant to the allegations stated in this Complaint.

3. Plaintiff JANICE ANDRES ("ANDRES") is an individual residing in Tulare County, California, and employed in Tulare County as a licensed vocational nurse by Defendants, and each of them, between approximately July 2013 and June 2018. **Plaintiff ANDRES' employment with the Defendant, and each of them, was involuntarily terminated in June, 2018 when the Defendant, and each of them lost their contract with the County of Tulare.** Plaintiff ANDRES brings this action in her individual capacity, and also in a representative capacity on behalf of all similarly situated California employees of said Defendants, during all times relevant to the allegations stated in this Complaint.

4.      Plaintiff SANDRA CRUZ-PEREZ ("CRUZ-PEREZ") is an individual residing in Kings County, California, and employed in Tulare County as a licensed vocational nurse by Defendants, and each of them, between approximately July 2013 and June 2018. **Plaintiff ANDRES' employment with the Defendant, and each of them, was involuntarily terminated in June, 2018 when the Defendant, and each of them lost their contract with the County of Tulare.** Plaintiff CRUZ-PEREZ brings this action in her individual capacity, and also in a representative capacity on behalf of all similarly situated California employees of said Defendants, during all times relevant to the allegations stated in this Complaint.

5.      Plaintiff VICTORIA MARTINEZ ("MARTINEZ") is an individual residing in Tulare County, California, and employed in Tulare County as a licensed vocational nurse by Defendants, and each of them, between approximately July 2013 and June 2018. **Plaintiff MARTINEZ's employment with the Defendant, and each of them, was involuntarily terminated in June, 2018 when the Defendant, and each of them lost their contract with the County of Tulare.** Plaintiff MARTINEZ brings this action in her individual capacity, and also in a representative capacity on behalf of all similarly situated California employees of said Defendants, during all times relevant to the allegations stated in this Complaint.

6.      Plaintiff VERONICA VIZCARRA ("VIZCARRA") is an individual residing in Fresno County, California, and employed in Tulare County as a registered nurse by Defendants, and each of them, between approximately July 2013 and June 2018. **Plaintiff VIZCARRA's employment with the Defendant, and each of them, was involuntarily terminated in June, 2018 when the Defendant, and each of them lost their contract with the County of Tulare.** Plaintiff VIZCARRA brings this action in her individual capacity, and also in a representative capacity on behalf of all similarly situated California employees of said Defendants, during all times relevant to the allegations stated in this Complaint.

7.      Plaintiff LAURA PADILLA ("PADILLA") is an individual residing in Tulare County, California, and employed in Tulare County as a licensed vocational nurse by Defendants, and each of them, between approximately July 2014 and June 2018. **Plaintiff PADILLA's employment with the Defendant, and each of them, was involuntarily**

terminated in June, 2018 when the Defendant, and each of them lost their contract with the County of Tulare. Plaintiff  PADILLA brings this action in her individual capacity, and also in a representative capacity on behalf of all similarly situated California employees of said Defendants, during all times relevant to the allegations stated in this Complaint.

8.      Plaintiffs are informed and believe and, based thereon, allege that Defendant CORIZON HEALTH, INC. ("CORIZON") is, and at all relevant times was, a Delaware corporation doing business in the Counties of Fresno, and Tulare, and in other counties in California. Defendant CORIZON is a corporation which at all times herein alleged does or did business regularly and in contact with citizens and entities, public and private, within the State of California, and maintained business premises and employees within California. At all times alleged herein, Defendants, and each of them employed Plaintiffs **and class members** as registered nurses ("RN's"), and licensed vocational nurses ("LVN's"), to provide health care services **to individuals incarcerated** within the correctional facilities **throughout** the State of California. Plaintiffs allege on information and belief that **the Defendant,** CORIZON **entered into** contracts **with various counties throughout the State of California supply its** employee RN's and LVN's to provide health care services **to individuals incarcerated** within correctional facilities throughout the State of California.

9.      The true names and capacities of the Defendants sued herein as DOES 1 through 25, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiffs, who therefore sue such Defendants by their fictitious names pursuant to California Code of Civil Procedure section 474.  Plaintiffs are informed and believe that each of the DOE Defendants are liable to Plaintiffs under the same theories and causes of action as set forth in this complaint. Plaintiffs are informed and believe and thereon allege that the DOE Defendants are California residents and/or do business regularly and in contact with citizens and entities, public and private, within the State of California. Plaintiffs will amend this complaint to show the true names and capacities of the DOE defendants when the same have been ascertained.

10.      Plaintiffs allege on information and belief that at all relevant times DOES 1 through 25 are and/or were managing agents of Defendants, and each of them, with policy-

making authority to set wages, hire, fire, and discipline employees, and with supervisory control over Plaintiffs and all other class members.

11.     Plaintiffs are informed and believe and thereon allege that each of the Defendants identified herein was at all times relevant hereto the agent, employee, servant, representative or alter ego of the remaining Defendants, and was acting, at least in part, within the course a scope of such relationship.

12.     Plaintiffs are informed and believe, and based thereon allege that at all relevant times Defendants, and each of them, were members of, and engaged in a joint venture, partnership and common enterprise, and that in acting or making the omissions herein alleged, were acting within the course and scope of, and in pursuit of, said joint venture, partnership and common enterprise.

13.     Plaintiffs are informed and believe, and based thereon allege that at all relevant times Defendants, and each of them, ratified each and every act or omission alleged herein. Plaintiffs further allege on information and belief that at all relevant times Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants and proximately caused the damages and shared in the unjust enrichment alleged herein.

14.a.     Plaintiffs are informed and believe, and based thereon allege that Defendants, and each of them, through their agents and employees (not including the Plaintiffs and other class members), established and carried out a policy which violated California's wage and hour laws cited herein, in that Plaintiffs and class members were not paid wages according to California law for hours they were required to work, including hours devoted to (1) work during statutory lunch and break periods; (2) work constituting **more than eight (8) hours per day**; and (3) **work constituting more than twelve (12) hours per day.**

14.b.     Defendants, and each of them, required Plaintiffs and class members to work a minimum of three (3) twelve-hour shifts per week. **Plaintiffs and class members were scheduled to work, and did work, approximately three (3) twelve (12) hour shifts per week during their employment. Plaintiffs are informed and believe that the Defendant, and each of them, paid the Plaintiffs and class members straight time wages for each twelve**

hour shift worked.  However, Defendant, and each of them, did not pay the Plaintiffs and class members overtime wages for the hours they worked in excess of eight per day. Therefore, Plaintiffs and class members are owed at least four hours of one-half time their regular rate of pay for each twelve (12) hours shift worked.

14.c.  Plaintiffs occasionally worked more than 12 hours per shift.  For example, when the RN or LVN who was scheduled to relieve the Plaintiffs or class members after their regularly scheduled twelve (12) hour shift called in sick or did not show up to work, the Plaintiffs or class members were required to remain at work, continuing their patient care, until a replacement could be found. As a result, Plaintiffs and class members worked more than twelve (12) hours per day on occasion.  However, the Defendants, and each of them did not pay Plaintiffs and class members double time wages for the shifts during which they were required to remain at work for more than twelve hours. Therefore, Plaintiffs and class members are owed double time wages for each shift in which the Plaintiffs or class members were required to remain at work more than twelve (12) hours.

14.d.  Plaintiffs are informed and believe that the Defendant, and each of them, implemented and communicated a policy prohibiting Plaintiffs and class members from leaving the work site during their scheduled work shifts.  Plaintiffs are informed and believe that Defendant's, and each of their, contract with Tulare County, and other counties throughout out California that required Defendant to keep at least one nursing staff member within the facility at all times to respond to emergencies and inmate health care needs. Additionally, Defendant, and each of them, carried out a business policy and practice to staff the county facilities with only one nursing professional.  As a result of the contractual obligations the Defendant owed to the County of Tulare and other counties throughout California, Defendant, and each of them, implemented a policy and practice prohibiting the Plaintiffs and class members from leaving the work place during statutorily required off-duty meal and rest breaks.  Accordingly, Plaintiffs and class members remained under Defendant's control during meal and rest break time.  Moreover, Defendant did not provide Plaintiffs with adequate rest break facilities. Despite being

under the **Defendant's control during break time, Defendant required Plaintiffs to clock in and out during meal period time so the time could be deducted from their total hours worked each shift. The practice of automatically deducting meal period time from the total hours worked each day resulted in ½ to 1 hours worked per shift for which zero wages were paid.  Therefore, Defendant, and each of them,** failed to provide off-duty meal and rest breaks as required by California law, wrongfully restricted plaintiffs and class members to the work site instead of allowing off-duty meal breaks, and unlawfully deducted paid time daily for meal breaks it failed to provide.

15.    At all relevant times, the duties and responsibilities of RN's and LVN's employed by Defendants in California were and are virtually identical, regardless of the county, region, or job site at which each individual is or was employed, and any variations in job activities among different individual plaintiffs or class members are legally insignificant to the issues and operative facts presented by this action.

## CLASS ACTION ALLEGATIONS

16.    Plaintiffs bring this action in a representative capacity on behalf of a class of similarly situated individuals, pursuant to California Code of Civil Procedure section 382. All claims alleged and all remedies sought herein arise exclusively under California law. The class is comprised of, and defined as, all current and former California-based RNs and/or LVNs in an equivalent position or performing equivalent work however titled, who formerly worked and/or currently work for Defendants, or any of them, during the time commencing four years prior to the filing of the original Complaint in this action, or within four years prior to the filing of Fresno County Superior Court Case No. 17CECG02245, filed July 3, 2017,  titled  *William Soltis v. Corizon Health, Inc.*, and concluding at the time of the resolution of this action (the "class period").

17.    The members of the class are so numerous that joinder of all members would be impractical, if not impossible.  The identity and location of each class member is readily ascertainable by review of the business records that Defendants, and each of them, are required to maintain pursuant to, *inter alia,* California Labor Code section 1174, Section 7 Wage Order

No. 16-2001.

18.     There is a well-defined community of interest in the questions of law and fact involved the members of the class. Questions of law and fact that are common to the class predominate over questions that may affect individual class members, including, but not limited to, the following:

(a) Whether Defendants, and each of them, paid class members all pay due and owing, including but not limited to overtime pay and minimum wages for all **time** worked, pursuant to California Labor Code sections 201, 202, 203, 221, 222, 223, 510, 512, 1194, and 1194.2 and Wage Order No. 5-2001 sections 3, 4, 7, 11, and 12;

(b) Whether Defendants, and each of them, implemented and engaged in a systematic practice of failing to pay class members all wages required by California law for all time worked, and whether Defendants automatically deducted time from each class members' daily hours worked for meal breaks not actually taken;

(c) Whether Defendant, and each of them, engaged in practices by which they failed to provide meal breaks to class members as required by California law, including, but not limited to the systematic practice of scheduling employees such that they could not leave their work posts unattended to take a meal break, or by failing to relieve employees of their employer's control by forbidding or preventing them from leaving the workplace during meal breaks;

(d) Whether Defendants, and each of them, systematically and pervasively failed to provide employees with the requisite number of paid rest breaks for the number of hours in their shifts, pursuant to California law;

(e) Whether Defendants, and each of them, knew or had reason to know that class members regularly continued to work through meal periods, while deducting 30 minutes or more of pay each day for meal breaks not actually taken;

(f) Whether Defendants, and each of them, failed to keep, maintain or furnish accurate records of the actual hours worked by class members;

(g) Whether Defendants, and each of them, willfully failed to pay all wages due and owing to all class members whose employment was terminated; and

(h) Whether the systematic acts and practices of Defendants constituted unfair business practices and resulted in the unjust enrichment of Defendants, in violation of California's Unfair Competition Law (Business & Professions Code sections 17200 *et seq.*)

19.     Common questions of law and fact predominate over questions affecting only individual class members in that the policies and practices complained of herein are and have

been applied uniformly to all class members and administered through systematic and uniform human resources and payroll practices.

20.      Class treatment will be superior to individual suits in this case because it involves a corporate employer or employers and many similarly situated individual employees. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage, as they would be able to exploit and overwhelm the limited resources of each individual Plaintiff and class member with their vastly superior financial and legal resources. The claims of individual class members are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses. Class treatment is also desirable because a common trial of the predominantly common questions raised by this suit will be comparatively expedient, will conserve judicial and public resources, minimize the number of jurors whose participation will be required, and minimize the burden on parties and witnesses who otherwise would be required to repeat their testimony in numerous trials. the claims of individual class members are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

21.      Class treatment is also desirable because requiring each class member to pursue an individual remedy would discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at their current or subsequent employment.

22.      The prosecution of separate actions by individual class members, even if possible, would be undesirable and inferior to class treatment because separate actions would create a substantial risk of inconsistent or varying adjudications, potentially establishing incompatible standards of conduct for Defendants, and producing inconsistent outcomes among individual class members. Such inconsistent results, as a practical matter, could be dispositive of and harmful to the interests of absent class members, and could substantially impair their ability to protect their interests.

23.      As class representatives, Plaintiffs will fairly and adequately represent and

protect the interests of the absent class members, in that Plaintiffs have no conflicts of interest that would be antagonistic to others class members.

24.    Plaintiffs have retained and are represented by attorneys who are competent and experienced in the successful prosecution of wage and hour class action litigation.

25.    Plaintiffs and class members have all suffered similar irreparable harm and damages as a result of the unlawful, wrongful, and inequitable conduct of Defendants, and each of them. This class action suit will provide substantial benefits to the public as well as to class members because, absent this action, the conduct of Defendants, and each of them, would continue unremedied and uncorrected. The remedies sought by Plaintiffs include injunctive relief that would restrain Defendants from further gaining unjust enrichment at the expense of California employees and would discourage other similarly situated employers from engaging in similar wrongful and unfair practices.

26.    Plaintiffs intend to move to amend this complaint, when appropriate, to include a class claim for PAGA penalties.

**FIRST CAUSE OF ACTION**
**VIOLATION OF LABOR CODE section 510**
**Failure to Pay Overtime (against all Defendants)**

27.    **Plaintiffs reallege and here incorporate by reference each of the allegations set forth in Paragraphs 1 through 26, inclusive.** California Labor Code section 510 and California Industrial Welfare Commission ("IWC") Wage Order No. 4-2001, section 3, require employers to pay overtime wages at a statutorily prescribed rate for any work in excess of eight hours in a day or forty hours in a week, and a **double time** rate for work in excess of twelve hours in a day. At all relevant times, Defendants, and each of them, assigned Plaintiffs and class members to work at least three (3) twelve-hour shifts per work week.

28.    Said Defendants scheduled and supervised Plaintiffs and all class members, and therefore knew or should have known the hours they worked. Plaintiffs worked openly in the workplace and did nothing to hide their work from Defendants.

29.    Plaintiffs and class members regularly worked more than eight hours per day and

1  **occasionally** more than 40 hours per week. In violation of California law, Defendants, and each
2  of them, failed to pay Plaintiffs and class members the required minimum and overtime wages
3  for all time worked. Plaintiffs have a private right to sue for unpaid wages pursuant to Labor
4  Code section 1194 (a) and therefore seek relief from this court.

5      30.     As a result of Defendants' failure to pay lawful minimum and overtime wages,
6  Plaintiffs and class members have been injured, and Defendants have been unjustly enriched.
7  Plaintiffs and class members therefore are entitled to relief, including but not limited to damages
8  and restitution in amounts exceeding the minimum jurisdiction of this court, plus statutory
9  penalties, interest, reasonable attorneys' fees, costs of suit and other remedies, all as set forth
10  below in Plaintiffs' prayer for relief.

11                      **SECOND CAUSE OF ACTION**
12      **VIOLATION OF LABOR CODE sections 512(a) and 226.7,**
                **and IWC WAGE ORDER NO. 4-2001, section 11**
13      **Failure to Provide Compliant Meal Breaks (against all Defendants)**

14      31.     Plaintiffs reallege and here incorporate by reference each of the allegations set
15  forth in Paragraphs 1 through 30, inclusive.

16      32.     At all relevant times, Labor Code sections 226.7(b) and 512(a), section 11 of
17  California IWC Wage Order No. 4-2001, and other California law required Defendant
18  employers to provide off-duty meal periods to Plaintiffs and class members of not less than 30
19  minutes for each day worked of five hours or more, and to provide a second meal period of at
20  least 30 minutes for each day worked of 10 hours or more.

21      33.     Defendants, and each of them, required Plaintiffs and class members to work
22  more than five hours per day without being given the opportunity to take a 30-minute
23  uninterrupted off-duty meal break, and more than 10 hours per day without being given the
24  opportunity to take a second 30-minute meal break.  Said Defendants deducted 30 minutes or
25  more per day from the wages paid to Plaintiffs and class members, and failed to relinquish
26  control over Plaintiffs and class members during meal breaks by failing to relieve them of all
27  work obligations and by prohibiting them, either expressly or through regulation of their work
28  requirements, from leaving the work premises during such breaks.

34.    Defendants, and each of them, failed to pay Plaintiffs and class members an additional hour of pay at the regular rate for each time a compliant meal break was not provided, as required by Labor Code Sections 226.7(b) and 512(a), section 11 of IWC Wage order No. 4-2001, and other California law.

35.    As a result of said Defendants' failure to provide compliant meal breaks, Plaintiffs and class members have been injured, and Defendants have been unjustly enriched. Plaintiffs and class members therefore are entitled to relief, including but not limited to damages and restitution in the amount of one additional hour of pay at their regular rate of compensation for each time an off-duty meal period was not provided, plus statutory penalties, interest, reasonable attorneys' fees, costs of suit and other remedies, all as set forth below in Plaintiffs' prayer for relief.

### THIRD CAUSE OF ACTION
**VIOLATION OF LABOR CODE section 226.7 and IWC WAGE ORDER 4-2001, section 12**
**Failure to Provide Compliant Rest Breaks (against all Defendants)**

36.    Plaintiffs reallege and here incorporate by reference each of the allegations set forth in Paragraphs 1 through 35, inclusive.

37.    At all relevant times, Labor Code sections 226.7(b) and 512(a), section 12 of California IWC Wage Order No. 4-2001, and other California law required Defendant employers to provide paid off-duty rest periods to Plaintiffs and class members of 10 minutes for each four hours or major fraction thereof worked.

38.    Defendants, and each of them, required Plaintiffs and class members to work more than four hours but failed to provide them with paid, off-duty 10-minute rest breaks.

39.    Defendants, and each of them, failed to pay Plaintiffs and class members an additional hour of pay at the regular rate for each workday on which a compliant rest break was not provided, as required by Labor Code section 226.7(b), section 12 of IWC Wage order No. 4-2001, and other California law.

40.    As a result of said Defendants' failure to provide compliant rest breaks, Plaintiffs and class members have been injured, and Defendants have been unjustly enriched. Plaintiffs and class members therefore are entitled to relief, including but not limited to damages and restitution in the amount of one additional hour of pay at their regular rate of compensation for each day on which a compliant rest break was not provided, plus statutory penalties, interest, reasonable attorneys' fees, costs of suit and other remedies, all as set forth below in Plaintiffs' prayer for relief.

### FOURTH CAUSE OF ACTION
#### VIOLATION OF LABOR CODE sections 223 and 1194, and IWC WAGE ORDER NO. 4-2001, section 4
#### Failure to Pay Minimum Wages and Claim for Liquidated Damages, Labor Code section 1194.2 (Against all Defendants)

41.    Plaintiffs reallege and here incorporate by reference each of the allegations set forth in Paragraphs 1 through 40, inclusive.

42.    At all relevant times, Labor Code Section 1194, IWC Wage Order No. 4-2001, Section 4 , and other California law required Defendant, **and each of them,** to pay at least minimum wages for all the time Plaintiffs and class members were suffered or permitted to work, or were under their employer's control. Defendants, and each of them, automatically deducted time from Plaintiffs' and class members' total hours worked for meal periods that were not provided, during which times Plaintiffs and Class Members were working, and/or remained under said Defendants' control, in that they were not permitted to leave the work premises. By making these deductions, said Defendant, **and each of them,** failed to pay Plaintiffs and class members at least minimum wages as required by law.

43.    Defendants, and each of them, knew or had reason to know that Plaintiffs and class members worked during times when wages were deducted for 30 minutes of meal time. Plaintiffs and class members worked during such times openly, at the direction, and under the control and supervision of said Defendants.

44.    As a result of said Defendants' failure to pay at least minimum wages, Plaintiffs and class members have been injured, and Defendants have been unjustly enriched. Plaintiffs

1  and class members therefore are entitled to relief, including but not limited to damages and

2  restitution in the amount of the unpaid wages, liquidated damages, pursuant to Labor Code

3  section 1194.2 in an amount equal to the wages unlawfully unpaid and interest thereon, plus

4  statutory penalties, interest, reasonable attorneys' fees, costs of suit and other remedies, all as set

5  forth below in Plaintiffs' prayer for relief.

6

7  

**FIFTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE section 226**
**Failure to Provide Accurate Wage Statements (Against all Defendants)**

8

9  45.    Plaintiffs reallege and here incorporate by reference each of the allegations set

10  forth in Paragraphs 1 through 40, inclusive.

11  46.    At all relevant times, Defendants, and each of them were required by Labor Code

12  Section 226(a) and other California law to furnish Plaintiffs and class members accurate itemized

13  wage statements, in writing, accurately stating such information as as the gross wages earned, the

14  total hours worked, the net wages earned and all applicable hourly rates during each pay period.

15  47.    Defendants, and each of them, knowingly and intentionally failed to provide wage

16  statements containing complete and accurate information with respect to the items listed in

17  California Labor Code 226(a). Among other things, said wage statements do not accurately set

18  forth the number of overtime hours worked, or the hours worked during times for which wages

19  were deducted for meal breaks. As a result, of such deficiencies, Plaintiffs and class members

20  cannot promptly and easily determine from the wage statements alone the total hours worked

21  each pay period and the applicable hourly rates for each of the regular, overtime, and double time

22  hours worked each pay period. Accordingly, the Plaintiffs and class members have suffered

23  injury as defined by California Labor Code Section 226(e)(2).

24  48.    As a result of said Defendants' failure to provide compliant wage statements, ay

25  at least minimum wages, Plaintiffs and class members are entitled to recover from Defendants,

26  and each of them, the greater of their actual damages or fifty dollars ($50) for the initial violation

27  of Labor Code Section 226(a) and one hundred dollars ($100) for each subsequent violation, up

28

to a maximum of $4,000 per person, plus statutory penalties, interest, reasonable attorneys' fees, costs of suit and other remedies, all as set forth below in Plaintiffs' prayer for relief.

### SIXTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE sections 201, 202 and 203
### Failure to Pay All Wages Due and Owing at Termination of Employment
### (Against all Defendants)

49.     Plaintiffs reallege and here incorporate by reference each of the allegations set forth in Paragraphs 1 through 48, inclusive.

50.     During the class period, the some Plaintiffs and class members terminated their employment, voluntarily or involuntarily, with Defendant employers. California Labor Code sections 201, 202, and 203, and other California law require employers to pay all wages due and owing immediately upon an employee's involuntarily termination of employment, and within 72 hours to employees who quit voluntarily. Defendants, and each of them, failed to pay all wages due and owing to employees whose employment was terminated, in that no payment ever has been made to any of such employees for the unpaid minimum wages, overtime wages, double-time wages, meal and rest break premiums, and other wage claims herein alleged. The statutory time for payment has expired for all such employees.

51.     Defendants, and each of them, willfully failed to pay Plaintiffs and class members all the wages due and owing at the time of discharge in that, among other things, said Defendants knew or had reason to know that no overtime or double time wages had been paid to them, and wages had been deducted on a daily basis for off-duty meal breaks that were not provided, all as hereinabove alleged.

52.     As a result of said Defendants' failure to make timely payment of wages owed at the time of separation from employment, Plaintiffs and class members have been injured, and Defendants have been unjustly enriched. Plaintiffs and class members therefore are entitled to relief, including but not limited to damages and restitution in the amount of the unpaid wages, penalties of continuing wages under Labor Code section 203, statutory penalties, interest, reasonable attorneys' fees, costs of suit and other remedies, all as set forth below in Plaintiffs' prayer for relief.

## SEVENTH CAUSE OF ACTION
### VIOLATION OF BUSINESS AND PROFESSIONS CODE
#### sections 17200 *et seq.*
### Unfair Competition-Unfair Business Practices (Against all Defendants)

53.     Plaintiffs reallege and here incorporate by reference each of the allegations set forth in Paragraphs 1 through 52, inclusive.

54.     By doing the things and making the omissions herein alleged, Defendndants, and each of them engaged in unlawful, fraudulent, and unfair business practices which have been and continue to be harmful to Plaintiffs and class members and to the general public. As such, the above-alleged practices constitute violations of Business and Professions Code Sections 17200 *et seq.* Specifically, any business practice that violates any state law or regulation may constitute the basis of a violation of Business and Professions Code Sections 17200 *et seq.*

55.     Among other things, the following practices of Defendants, as alleged above, constitute unfair and unlawful business practices in violation of California Business and Professions Code Section 17200 *et seq.*:

(a) Failure to pay overtime wages;
(b) Failure to pay minimum wages;
(c) Failure to provide meal breaks;
(d) Failure to provide rest breaks;
(e) Failure to pay premium wages owed for failing to provide compliant meal and rest breaks (*i.e.*, an additional hour of pay at Plaintiff's regular rate of pay);
(f) Failure to provide statutorily compliant wage statements;
(g) Failure to pay all wages due and owing upon termination of employment; and
(h) Failure to pay the appropriate employer share of taxes, social security, state disability insurance, 401K benefits, and other employer-paid obligations.

56.     By the herein alleged practices of Defendant employers, Plaintiffs and class members have suffered injuries to their property interests in that they have been deprived, among other things, of wages, benefits, and interest to which they are lawfully entitled.

57.     Defendants, and each of them, have been and continue to be unjustly enriched by the practices herein alleged, in that said Defendants have saved all the expenses of lawful payment of wages to their employees, including but not limited to the wages themselves, the various tax and insurance obligations associated with payment of wages. In addition, said Defendants have unjustly gained continuing access to and use of the funds that should have

been paid to use such funds. This unjust enrichment was obtained at the expense of Plaintiffs and class members, such that Plaintiffs and class members are entitled to disgorgement of the full amount of such unjust enrichment as a just and equitable remedy. Accordingly, Plaintiffs and class members are entitled to restitution of wages, benefits, and other property and gains obtained by Defendants, and each of them.

58.     Plaintiffs, class members, and the general public have been, and will continue to be irreparably harmed if the practices herein alleged are allowed to continue, in that such practices are detrimental and contrary to the public policy of the State of California to promote and protect the interests of employees through enforcement of the State's wage and hour laws. Accordingly, in addition to all other remedies sought by this suit, Defendants, and each of them, should be permanently enjoined from such practices, pursuant to the provisions of Business and Professions Code sections 17200 *et seq.*

## PRAYER FOR RELIEF

### PLAINTIFFS DEMAND TRIAL BY JURY

WHEREFORE, Plaintiffs pray for judgment against all Defendants, as follows:

1.     For unpaid minimum wages, overtime wages, and double time wages, with interest thereon, as appropriate and available under each cause of action alleged hereinabove, including but not limited to compensatory and statutory damages of any kind authorized under the California Labor Code or any other statutory or decisional law, all in amounts according to proof at trial;

2.     For statutory damages, benefits, penalties and restitution, as appropriate and available under each cause of action alleged hereinabove, in amounts according to proof at trial, including, but are not limited to, waiting time penalties pursuant to Labor Code Section 203, penalties for non-compliant wage statements pursuant to Labor Code Section 226(e), premium wages for failure to provide meal and rest breaks pursuant to Labor Code 226.7 and Wage Order No. 4-2001, and liquidated damages pursuant to Labor Code 1194.2.

3.     For restitution and disgorgement to Plaintiffs and class members, from Defendants, and each of them, of all funds or the value of all gains or benefits unlawfully

acquired or retained by said Defendants, by means of any acts or practices declared by the court to be violative of the California Labor Code and/or Industrial Welfare Commission Wage Orders, or found by the court to constitute unfair competition or unfair business practices under California Business and Professions Code sections 17200 et seq.

4.    For a permanent injunction, prohibiting defendants, and each of them, from engaging in any and all practices found by the court to constitute unfair competition, unfair business practices, or other violation of California's Unfair Competition Law (Business and Professions Code sections 17200 et seq.).

5.    For interest as allowed by California Labor Code sections, including, but not limited to, 218.6 and 1194, 1194.2, and California Civil Code sections 3287 and 3289;

6.    For reasonable attorney's fees, expenses and costs as provided by California Labor Code sections, including, but not limited to, 218.5, 226, 1194, et seq., the applicable IWC Wage Order, or California Code of Civil Procedure section 1021.5; and

7.    For such other and further relief as the Court deems just and proper.

Dated: December 6, 2018

**WAGNER, JONES, KOPFMAN & ARTENIAN LLP**

/S/ Daniel M. Kopfman
Daniel M. Kopfman
Lawrence M. Artenian
*Attorneys for Plaintiffs*