1  BARBARA A. BLACKBURN, Bar No. 253731
   bblackburn@littler.com
2  BRITNEY N. TORRES, Bar No. 287019
   btorres@littler.com
3  LITTLER MENDELSON, P.C.
   500 Capitol Mall
4  Suite 2000
   Sacramento, CA  95814
5  Telephone:    916.830.7200
   Facsimile:    916.561.0828
6
7  Attorneys for Defendant CORIZON HEALTH, INC.

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11
   BRUCE MORRELLI, JOSE ROJAS,            Case No.  1:18-cv-01395-LJO-SAB
12 JANICE ANDRES, SANDRA CRUZ-
   PEREZ, VICTORIA MARTINEZ,              **MEMORANDUM OF POINTS AND**
13 VERONICA VIZCARRA, and LAURA          **AUTHORITIES IN SUPPORT OF**
   PADILLA,                               **DEFENDANT'S MOTION TO DISMISS**
14                                        **PLAINTIFFS' FIRST AMENDED**
                Plaintiffs,               **COMPLAINT FOR FAILURE TO**
15                                        **STATE A CLAIM AND, IN THE**
   v.                                     **ALTERNATIVE, MOTION TO DISMISS**
16                                        **OR STRIKE STATE-WIDE CLASS**
   CORIZON HEALTH, INC., a Delaware       **DEFINITION**
17 corporation, and DOES 1 through 25,
   inclusive,                             **[F.R.C.P. 12(b)(6), 12(f)]**
18
                Defendants.               Date:       January 22, 2019
19                                        Time:       8:30 a.m.
                                          Courtroom:  4, 17th Floor
20                                        Judge:      Hon. Lawrence J. O'Neill
21
22                                        Complaint filed:  September 5, 2018
23
24
25
26
27
28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN
THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

# TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTION ...................................................................................................... 1

II.    PROCEDURAL HISTORY.......................................................................................... 2

III.   PLAINTIFFS' FAC SHOULD BE DISMISSED FOR FAILURE TO STATE A
       CLAIM UPON WHICH RELIEF CAN BE GRANTED ............................................. 3

       A.    If Plaintiffs Cannot Offer Specific Facts In Support Of Their Claims, Their
             Complaint Should Be Dismissed With Prejudice ......................................... 3

       B.    Plaintiffs' Overtime Claim Must Be Dismissed Because Plaintiffs Have Failed
             To Cure The Defects Detailed In The Court's Order And Their New
             Allegations Further Illustrate Why That Claim Is Implausible ................... 4

             1.    Plaintiffs Failed To Correct The Deficiencies Detailed In The Court's
                   Order .......................................................................................... 5

             2.    Plaintiffs' Overtime Claims Fails And They Should Not Be Granted
                   Leave To Amend Because Putative Class Members Worked An
                   Alternative Workweek Schedule ..................................................... 9

       C.    Plaintiffs' Break Claims Should Be Dismissed Because They Failed To
             Amend As Instructed By The Court And The Additional Allegations Of The
             FAC Demonstrate That Plaintiffs' Allegations Are Impossible .................. 13

             1.    Plaintiffs Failed To Amend As Instructed By The Court ............................ 13

             2.    The Additional Allegations Of The FAC Demonstrate That Plaintiffs'
                   Missed Break Allegations Are Impossible ....................................... 15

       D.    Plaintiffs Failed To Correct Their Minimum Wage Claim As Instructed By
             The Court And Instead Deleted Even Their Conclusory Allegations In Support
             Thereof ......................................................................................... 16

       E.    Plaintiffs' Claim For Inaccurate Wage Statements Is Again Based On
             Conclusory Allegations ...................................................................... 16

       F.    Plaintiffs' Claim For Waiting Time Penalties Is Again Based On Conclusory
             Allegations ..................................................................................... 18

       G.    Plaintiffs' Claim For Unfair Competition Is Again Based On Conclusory
             Allegations ..................................................................................... 19

       H.    Plaintiffs Lack Standing To Sue For Injunctive Relief............................. 20

IV.    PLAINTIFFS' STATE-WIDE CLASS DEFINITION SHOULD BE DISMISSED
       AND/OR STRICKEN.................................................................................. 20

V.     CONCLUSION............................................................................................ 24

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

i.

CASE NO.  1:18-CV-01395-LJO-SAB

TABLE OF CONTENTS

# TABLE OF AUTHORITIES

PAGE(S)

**Cases**

*Abagninin v. AMVAC Chem. Corp.*,
545 F.3d 733 (9th Cir. 2008) ...................................................................................4

*Anderson v. Blockbuster, Inc.*,
No. 210CV00158MCEGGH, 2010 WL 1797249 (E.D. Cal. May 4, 2010)..................21

*Angeles v. U.S. Airways, Inc.*,
No. C 12-05860 CRB, 2013 WL 622032 (N.D. Cal. Feb. 19, 2013) ..........................18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................... *passim*

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................1, 3, 15, 21

*Blantz v. Cal. Dep't of Corr. & Rehab.*,
727 F.3d 917 (9th Cir. 2013) ..............................................................................4, 14

*Boon v. Cannon Business Solutions, Inc.*,
595 Fed. Appx. 631 (9th Cir. 2015)..........................................................................8

*Byrd v. Masonite Corp.*,
No. 16-cv-00035JGB, 2016 WL 756523 (C.D. Cal. Feb 25, 2016) ...........................17

*Cholakyan v. Mercedes-Benz USA, LLC*,
796 F. Supp. 2d 1220 (C.D. Cal. 2011) ..................................................................21

*Crimson California Pipeline, L.P. v. Southern California Edison Co.*,
No. CV 15-07036 SJO, 2016 WL 5340528 (C.D. Cal. Feb. 12, 2016) ..............7, 8, 14

*Dejesus v. HF Management Services, LLC*,
726 F.3d 85 (2d Cir. 2013).....................................................................................9

*Deleon v. Time Warner Cable LLC*,
No. CV 09-2438 AG ...............................................................................................21

*Ellis v. Costco Wholesale Corp.*,
657 F. 3d 970 (9th Cir. 2011) ...............................................................................20

*Ferguson v. Randy's Trucking, Inc.*,
No. 1:15-cv-00697-JLT, 2016 WL 4082900 (E.D. Cal. Mar. 11, 2016)....................10

*Flores v. Starwood Hotels & Resorts Worldwide, Inc.*,
No. SACV 14-1093 AG, 2015 WL 12912337 (C.D. Cal. Mar. 16, 2015) ...................22

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

i.

CASE NO.  1:18-CV-01395-LJO-SAB

TABLE OF AUTHORITIES

1

**TABLE OF AUTHORITIES**
(CONTINUED)

2

PAGE(S)

3

*Foman v. Davis*,

4

371 U.S. 178 (1962)....................................................................................................4

*Gen. Tel. Co. of Sw. v. Falcon*,

5

457 U.S. 147 (1982)..................................................................................................24

6

*Hamilton v. Solano Irr. Dist.*,

7

No. CIV S 1202727 KJM, 2013 WL 1499603 (E.D. Cal. Apr. 11, 2013)...................10

8

*Harding v. Time Warner, Inc.*,

No. 09cv1212-WQH-WMc, 2009 WL 2575898 (S.D. Cal. Aug. 18, 2009) ...............17

9

*Hishon v. King & Spalding*,

10

467 U.S. 69 (1984)....................................................................................................20

11

*Hodgers-Durgin v. de la Vina*,

12

199 F.3d 1037 (9th Cir. 1999) ..................................................................................20

13

*Jimenez v. Domino's Pizza, Inc.*,

238 F.R.D. 241 (C.D. Cal. 2006)...............................................................................10

14

*Johnson v. Sky Chefs, Inc.*,

15

No. 11-CV-05619-LHK, 2012 WL 4483225 (N.D. Cal. Sept. 27, 2012)....................18

16

*Landers v. Quality Communications, Inc.*,

17

771 F.3d 638 (9th Cir. 2014) ............................................................................ *passim*

18

*Lundy v. Catholic Health System of Long Island Inc.*,

711 F.3d 106 (2d Cir. 2013).........................................................................................9

19

*Manning v. Boston Med. Ctr. Corp.*,

20

725 F.3d 34 (1st Cir. 2013) .......................................................................................21

21

*Mendez v. H.J. Heinz, L.P.*,

22

No. CV 12-5653-GHK, 2012 U.S. Dist. LEXIS 170785 ............................................23

23

*Milligan v. American Airlines, Inc.*,

577 Fed. Appx. 718 (9th Cir. 2014)...........................................................................18

24

*Nakahata v. New York-Presbyterian Healthcare System, Inc.*,

25

723 F.3d 192 (2d Cir. 2013).........................................................................................9

26

*Ortiz v. Sodexo Operations, LLC*,

27

No. CV-10-04158 ................................................................................................22, 24

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

ii.

CASE NO.  1:18-CV-01395-LJO-SAB

TABLES OF AUTHORITIES

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE(S)

*Perez v. Wells Fargo & Co.*,
75 F. Supp. 3d 1184 (N.D. Cal. 2014) ...................................................................8

*Raphael v. Tesoro Refining and Marketing Co. LLC*,
No. 3:15-cv-02862-ODW(Ex), 2015 WL 4127905 (C.D. Cal. July 8, 2015) ...............9

*Renick v. Dun & Bradstreet Receivable Management Services*,
290 F.3d 1055 (9th Cir. 2002) ...........................................................................19

*Roberson v. Danny Ontiveros Trucking*,
No. CV-F-08-0552 LJO SMS, 2008 WL 4809960 (E.D. Cal. Nov. 3, 2008) .............20

*Salameh v. Tarsadia Hotel*,
726 F.3d 1124 (9th Cir. 2013) ........................................................................4, 12

*Sanders v. Apple Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) ...................................................20, 22, 24

*Sandoval v. Ali*,
34 F. Supp. 3d 1031 (N.D. Cal 2014) ...................................................................21

*Sasha Ovieda v. Sodexo Operations, LLC*,
No. CV 12-1750-GHK SSX, 2012 WL 1627237 (C.D. Cal. May 7, 2012) ................21

*Schneider v. Space Systems/Loral Inc.*,
No. 11-02489, 2012 WL 476495 (N.D. Cal. Feb. 14, 2012) ............................19, 21

*Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*,
806 F.2d 1393 (9th Cir. 1986) ............................................................................4

*Silvia v. EA Technical Servs., Inc.*,
No. 15-cv-04677-JSC, 2018 WL 306690 (N.D. Cal. Jan. 5, 2018) ..........................10

*Solis v. City of Fresno*,
No. 1:11-CV-00053, 2012 WL 868681 (E.D. Cal. Mar. 13, 2012) .......................7, 14

*Starr v. Baca*,
652 F.3d 1202 (9th Cir. 2011) ...........................................................................17

*Tan v. GrubHub, Inc.*,
171 F. Supp. 3d 998 (N.D. Cal. 2006) .................................................................8, 9

*Tarantino v. Gawker Media, LLC*,
No. CV 14-603-JFW, 2014 WL 2434647 (C.D. Cal. Apr. 22, 2014).........................8

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

iii.

CASE NO.  1:18-CV-01395-LJO-SAB

TABLES OF AUTHORITIES

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE(S)

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ...................................................................................10

*Vivendi SA v. T-Mobile USA Inc.*,
   586 F.3d 689 (9th Cir. 2009) .....................................................................................8

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011) .............................................................................................20

*Waldo v. Eli Lilly & Co.*,
   No. CIV. S-13-0789 ....................................................................................................4

*Walsh v. Nev. Dep't of Human Res.*,
   471 F.3d 1033 (9th Cir. 2006) .................................................................................20

*Weigele v. FedEx Ground Package Sys., Inc.*,
   No. 06-cv-1330, 2010 WL 4723673 (S.D. Cal. Nov. 15, 2010)................................19

**Statutes**

California Business & Professions Code section 17200.....................................3, 19, 20

California Business & Professions Code Section 17200 *et seq.*..................................3, 19

California Labor Code Sections 201, 202, and 203, and (7)..........................................3, 18

California Labor Code Section 226 (6)............................................................................3

California Labor Code Section 226.7..............................................................................3

California Labor Code Sections 226.7 and 512(a).........................................................2

California Labor Code Section 226(a)...........................................................................17

California Labor Code Section 226(e)(2) ......................................................................17

California Labor Code Section 510, 510(a) ............................................................. 2, 11

California Labor Code Section 511 ...............................................................................11

California Labor Code Section 1194, 1194 (2)............................................................2, 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)................................................................................2, 3, 20, 24

Fed. R. Civ. P. 12(f) .....................................................................................2, 21, 24

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

iv.                    CASE NO.  1:18-CV-01395-LJO-SAB

TABLES OF AUTHORITIES

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE(S)

Fed. R. Civ. P. 23 ...........................................................................................................22

Fed. R. Evid. 201(b) ......................................................................................................10

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

1    **I.    INTRODUCTION**

2         Plaintiffs Bruce Morrelli, Jose Rojas, Janice Andres, Sandra Cruz-Perez, Victoria Martinez,

3    Veronica Vizcarra and Laura Padilla (collectively, "Plaintiffs") filed their First Amended Complaint

4    ("FAC") on December 6, 2018, attempting for a second time to validly assert a variety of wage and

5    hour claims.  (*See generally* Dkt. # 12 ("FAC"), Dkt. #1-1, Ex. A ("Compl.").)  Despite the guidance

6    from the Court in its order (Dkt. # 11) ("Order") granting Defendant's Motion to Dismiss the

7    original Complaint (Dkt. # 5) ("Original Motion"), Plaintiffs' First Amended Complaint still fails to

8    satisfy the pleading requirements of the Federal Rules of Civil Procedure as explained by the United

9    States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*,

10   556 U.S. 662 (2009).

11        As to their overtime claim, Plaintiffs have not heeded the Court's guidance in the Order and

12   again failed to allege a single example of any named Plaintiff working unpaid overtime in a specific

13   week in the statutory period or other supporting facts to make such a claim plausible.  Instead,

14   Plaintiffs vaguely plead "upon information and belief" – without any facts showing the source of

15   such information or belief – that at some unidentified time for some unidentified person some

16   unidentified amount of overtime was worked without proper payment.  Accordingly, their unpaid

17   overtime claim is decidedly implausible.  Further, because Plaintiffs and putative class members

18   worked an alternative workweek schedule as approved by the Labor Commissioner, Plaintiffs have

19   not and cannot assert a meritorious overtime claim.  As such, their overtime claims should be

20   dismissed with prejudice.

21        Similarly, Plaintiffs' missed meal and rest break claims remain deficient for several reasons.

22   Again, instead of making allegations based on their own personal knowledge, Plaintiffs plead such

23   claims "upon information and belief" without alleging any facts as to why they would have such

24   information or belief.  Plaintiffs do not allege a single example of such a missed break occurring for

25   any one of them as a result of the staffing issues they claim led to missed breaks.  Plaintiffs' failure

26   to plead specific factual allegations as to their own experiences prevents a reasonable inference that

27   the alleged missed break violations plausibly occurred.  Further, the additional facts included in the

28   FAC lead to the reasonable inference that Plaintiffs' allegations are *not* plausible.  Indeed, it is

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

1.                    CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN
THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

1  mathematically impossible for Plaintiffs' allegations to be true based on the shifts and personnel

2  alleged in the FAC.  Because Plaintiffs' second attempt to plead missed break claims has failed, they

3  should be dismissed with prejudice.

4      Further, just as established in Defendant Corizon Health, Inc.'s ("Defendant") Original

5  Motion and the Court's Order thereon, the remainder of Plaintiffs' claims are conclusory and

6  derivative of their unpaid overtime and missed break claims, and fail along with those claims.

7  Accordingly, Defendant respectfully requests the Court grant its motion and dismiss each and every

8  one of Plaintiffs' claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

9      In the alternative, and to the extent all of Plaintiffs' claims are not dismissed with prejudice,

10  Defendant requests the Court dismiss and/or strike Plaintiffs' state-wide class allegations.  Because

11  each of the Plaintiffs worked at Defendant's Tulare County facility and nowhere else, and because

12  they plead no basis for knowledge of how Defendant's business was conducted at any other location,

13  there is no basis upon which to find that state-wide claims are supported by sufficient factual

14  allegations.  Indeed, Plaintiffs allegations suggest that they do not have standing to represent a state-

15  wide class – they concede that Defendant's operations and practices in different locations were based

16  upon contracts with the counties in which they were located.  (*See* FAC, ¶ 8.)  Accordingly,

17  Defendant respectfully requests the Court dismiss and/or strike Plaintiffs' state-wide class definition

18  pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).

19  **II.    PROCEDURAL HISTORY**

20      Plaintiffs filed their class action-styled complaint, asserting a variety of wage and hour

21  claims, on September 5, 2018.  Defendant removed the case to the Eastern District of California on

22  October 9, 2018.  (Dkt. #1.)  Defendant then moved to dismiss Plaintiffs' Complaint.  (Dkt. # 5.)

23  The Court granted the Original Motion without prejudice on November 28, 2018, providing

24  Plaintiffs "one chance" to cure the deficiencies of the Complaint before dismissing their claims with

25  prejudice.  (Dkt. # 11, at 10:4.)

26      On December 6, 2018, Plaintiffs filed their FAC.  (Dkt. # 12.)  In their FAC, Plaintiffs assert

27  the same seven claims for: (1) unpaid overtime wages in violation of California Labor Code Sections

28  510 and 1194, (2) meal period violations under Labor Code Sections 226.7 and 512(a) and the

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

2.

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN
THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

California Industrial Welfare Commission Order No. 4-2001, §11, (3) rest period violations under Labor Code Section 226.7 and the California Industrial Welfare Commission Order No. 4-2001, §12, (4) unpaid minimum wages in violation of Labor Code Section 1194 and the California Industrial Welfare Commission Order No. 4-2001, §4, (5) non-compliant wage statements in violation of Labor Code Section 226, (6) final wages not timely paid in violation of Labor Code Sections 201 and 203, and (7) violation of California Business & Professions Code Section 17200 *et seq.* (*See generally* FAC.)  Plaintiffs again seek to represent "all current and former California-based RNs and/or LVNs in an equivalent position or performing equivalent work however titled, who formerly worked and/or currently work for Defendants, or any of them, during the time commencing four years prior to the filing of the original Complaint in this action, or within four years prior to the filing of Fresno County Superior Court Case No. 17CECG02245, filed July 3, 2017, titled *William Soltis v. Corizon Health, Inc*., and concluding at the time of the resolution of this action (the "class period")."  (FAC, ¶ 16.)

## III.   PLAINTIFFS' FAC SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### A.   If Plaintiffs Cannot Offer Specific Facts In Support Of Their Claims, Their Complaint Should Be Dismissed With Prejudice.

The Supreme Court of the United States has explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Iqbal*, 556 U.S. at 678.  Such "[f]actual allegations must be enough to raise a right of relief above the speculative level," and plaintiffs must state "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570; *see also Iqbal*, 556 U.S. at 678.

Although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, the pleadings must include factual allegations to support the legal claims asserted. *Twombly*, 550 U.S. at 555 (2008). As with other

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

1  allegations, allegations made on information and belief are insufficient if they do not have factual

2  support. *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F.3d 917 (9th Cir. 2013). "[T]he proper

3  inquiry remains whether the plaintiff has presented a non-conclusory factual allegation.'" *Waldo v.*

4  *Eli Lilly & Co.*, No. CIV. S-13-0789 LKK/EFB, 2013 WL 554623 at *11 (E.D. Cal. Oct. 7, 2013).

5          When there is repeated failure to cure deficiencies, futility of the amendment, or prejudice, a

6  court may deny the plaintiffs the ability to amend their complaint. *Foman v. Davis*, 371 U.S. 178,

7  182 (1962); *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). And, leave to

8  amend should be denied when the court determines that "allegation[s] of other facts consistent with

9  the challenged pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-*

10  *Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Indeed, to avoid dismissal after an

11  opportunity to amend has been granted, the plaintiff must disclose the specific facts that would cure

12  the deficiency. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A plaintiff may

13  not in substance say 'trust me,' and thereby gain a license for further amendment when prior

14  opportunity to amend has been given.").

15          Plaintiffs' FAC is again the type of pleading that the Supreme Court has said cannot survive

16  a motion to dismiss. The asserted claims are implausible based upon Plaintiffs' allegations and

17  additional facts included in the FAC lead to the reasonable inference that a sufficient cause of action

18  *cannot* be pled. Plaintiffs' FAC, therefore, should be dismissed with prejudice.

19          **B.    Plaintiffs' Overtime Claim Must Be Dismissed Because Plaintiffs Have Failed To**
20                 **Cure The Defects Detailed In The Court's Order And Their New Allegations**
                   **Further Illustrate Why That Claim Is Implausible.**

21          Plaintiffs' overtime claim is insufficiently pled for several reasons. Plaintiffs have not

22  heeded the Court's guidance from its recent Order and again failed to allege that any of the Plaintiffs

23  worked unpaid overtime in a specific week in the statutory period or any other supporting factual

24  allegations that would make such a claim plausible. Additionally, because Plaintiffs and putative

25  class members worked an alternative workweek schedule as approved by the Labor Commissioner,

26  Plaintiffs have not and cannot assert a meritorious overtime claim.

27

28

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

4.          CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN
THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

1. **Plaintiffs Failed To Correct The Deficiencies Detailed In The Court's Order.**

Plaintiffs' first cause of action for unpaid overtime is due to be dismissed because Plaintiffs persist in their failure to include specific facts sufficient to "allege at least one workweek when [Plaintiffs] worked [overtime] . . . and [were] not paid for the excess hours in that workweek[.]" *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014).

In their FAC, Plaintiffs assert the following related to overtime:

- "Plaintiffs are informed and believe, and based thereon allege that Defendants . . . established and carried out a policy which violated California's wage and hour laws cited herein, in that Plaintiffs and class members were not paid wages according to California law for hours they were required to work, including hours devoted to . . . (2) work constituting more than eight (8) hours per day and (3) work constituting more than twelve (12) hours per day." (FAC, ¶ 14.a.)

- "Defendants, and each of them, required Plaintiffs and class members to work a minimum of three (3) twelve-hour shifts per week.  Plaintiffs and class members were scheduled to work, and did work, approximately three (3) twelve (12) hour shifts per week during their employment.  Plaintiffs are informed and believe that the Defendant, and each of them, paid the Plaintiff and class members straight time wages for each twelve hour shift worked. However, Defendant, and each of them, did not pay the Plaintiffs and class members overtime wages for the hours they worked in excess of eight per day.  Therefore, Plaintiffs and class members are owed at least four hours of one-half time their regular rate of pay for each twelve (12) hours shift worked." (FAC, ¶ 14.b.)

- "Plaintiffs occasionally worked more than 12 hours per shift.  For example, when the RN or LVN who was scheduled to relieve the Plaintiffs or class members after their regularly scheduled twelve (12) hour shift called in sick or did not show up to work, the Plaintiffs or class members were required to remain at work, continuing their patient care, until a replacement could be found.  As a result, Plaintiffs and class members worked more than twelve (12) hours per day on occasion.  However, the Defendants, and each of them did not pay Plaintiffs and class members double time wages for the shifts during which they were required to remain at work for more than twelve hours." (FAC, ¶ 14.c.)

Nowhere in these allegations do Plaintiffs identify a single workweek where any named Plaintiff worked more than 8 hours in a day and was not properly paid overtime for such hours.  Rather, Plaintiffs generally allege that they all worked three twelve hour shifts per week (without any discussion of a particular workweek at all), and then Plaintiffs engage in a slight of hand by

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

5.

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

mysteriously asserting that they are "informed and believe" that Defendant paid them only straight time for hours worked in excess of eight in a day.  (FAC, ¶ 14.b.)  Plaintiffs worked their hours and received their pay – why can they not affirmatively allege they were not paid overtime properly if that is, in fact, what happened?  Plaintiffs' "information and belief" allegations, rather than affirmative allegations from their own *personal knowledge* about what specifically happened *to them* in any *specific workweek* or at a *specific or approximate time*, are suspect.  And, to make matters worse, Plaintiffs do not offer any factual allegations as to the source of such "information and belief" that would allow the Court to accept such vague allegations as plausible allegations of an overtime violation (in stark contrast to allegations regarding a sample workweek or situation from their own *personal knowledge*).

Plaintiffs' allegations regarding hours worked in excess of 12 in a day fair no better. Plaintiffs once again begin their allegations by stating that they "are informed and believe…that Plaintiffs and class members were not paid wages according to California law for hours they were required to work, including hours devoted to . . . (3) work constituting more than twelve (12) hours per day." (*Id.* at ¶ 14.a.)  Thus, these allegations are not from Plaintiffs' personal knowledge – they are from some other source which Plaintiffs never identify.  Plaintiffs then allege that they "occasionally" worked hours in excess of 12 hours, but offer no allegations about how frequently this happened despite an applicable statute of limitations which spans 4 years.  Plaintiffs do not offer any example of a single workweek where any named Plaintiff worked more than 12 hours in a day and was not properly paid double time for such hours.  Rather, Plaintiffs leap to the conclusory allegation that "Defendants" – despite their being only one named Defendant in this case – failed to pay double time for "occasional shifts" of unidentified frequency (and without an example) where Plaintiffs were "required to remain at work for more than twelve hours."  (*Id.*)

These allegations make it clear that, despite the Court's instruction, Plaintiffs still have not

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

6.

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

asserted specific factual allegations that give rise to the plausible inference that a specific Plaintiff worked unpaid overtime or unpaid double time during a given workweek. First, Plaintiffs' allegations "on information and belief" and are not entitled to credence, because such allegations are only deemed facially plausible when they are "peculiarly within the possession and control of the defendants, or the belief must be based on factual information that makes the inference of culpability plausible," which is not the case here. *Crimson California Pipeline, L.P. v. Southern California Edison Co.*, No. CV 15-07036 SJO, 2016 WL 5340528 at *3 (C.D. Cal. Feb. 12, 2016) (internal citations omitted). Plaintiffs' work hours and pay are not peculiarly in Defendant's possession, as Plaintiffs worked the hours and received the pay. And, Plaintiffs have offered no factual allegations as to the source of their "information and belief" or any other allegations which make the inference of an overtime violation plausible. Plaintiffs do not include facts as to a single instance where any one of them allegedly worked a shift in excess of 8-hours or 12-hours and was paid only straight time wages, nor do they allege any facts to plausibly suggest that Defendant routinely scheduled its employees to work overtime and yet *never* paid them overtime wages. Without the assertion of any additional facts, Plaintiffs' bald assertions "on information and belief" are due to be ignored. *See Solis v. City of Fresno*, No. 1:11-CV-00053, 2012 WL 868681 at *8 (E.D. Cal. Mar. 13, 2012) ("In the post-*Twombly* and *Iqbal* era, pleading on information and belief, without more, is insufficient to survive a motion to dismiss for failure to state a claim."). Plaintiffs are required to plead sufficient facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," however, here, Plaintiffs' deficient factual allegations "stops short of the line between possibility and plausibility of entitlement to relief." *Landers*, 771 F.3d at 641 *(quoting Iqbal*, 556 U.S. at 678). Because Plaintiffs' allegations are asserted based on information and belief from an unidentified source and lack the support of any further factual allegations, they are insufficient to state a plausible claim for relief and avoid dismissal of Plaintiffs' overtime claim. *See*

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

*Crimson*, 2016 WL 5340528 at *3 ("if the factual allegations based on 'information and belief' are made without further facts, the allegations do not survive a motion to dismiss"); *Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 694 (9th Cir. 2009) (finding insufficient allegations based "upon information and belief" where no further facts were alleged); *Tarantino v. Gawker Media, LLC*, No. CV 14-603-JFW, 2014 WL 2434647 at *5, n. 4 (C.D. Cal. Apr. 22, 2014) ("all of Plaintiff's allegations related to his . . . claim are based on information and belief, and such allegations are insufficient as a matter of law").

Second, the fact remains that even though ***seven*** Plaintiffs are named in this lawsuit, not one has specified a single workweek during which he or she affirmatively asserts that he or she worked a specific amount of unpaid overtime or double time *and* did not receive overtime or double time wages.  As Plaintiffs each claim to have experienced the alleged wage and hour violations themselves there should be no need to assert allegations on "information and belief."  There is no good reason why Plaintiffs continue to refuse to allege specific facts as to when and how *they* allegedly worked unpaid overtime unless they simply do not possess such facts.  *Compare Boon v. Cannon Business Solutions, Inc.*, 595 Fed. Appx. 631 (9th Cir. 2015) (where plaintiff included detailed factual allegations concerning when they allegedly performed work that resulted in overtime and what that work consisted of, plaintiff properly stated a claim for overtime).  Plaintiffs' FAC includes "no allegations about what period of time or type of conduct Plaintiffs are counting as hours worked." *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1008 (N.D. Cal. 2006).  Similarly, Plaintiffs plead "no details . . . as to any specific named plaintiff . . . [and] what the circumstances were under which any plaintiff was allegedly not paid" overtime wages in a particular week.  *Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1191 (N.D. Cal. 2014).  Instead, Plaintiffs merely plead, "upon information and belief," that they were scheduled to work approximately three twelve-hour shifts and were paid straight time wages.  These barebones allegations are precisely the sort of "conclusory

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

allegations that class members 'regularly' or 'regularly and consistently' worked more than 40 hours per week—without any further detail—[which] fall short of *Twombly/Iqbal*." *Tan*, 171 F. Supp. 3d at 1008.  Plaintiffs' failure to include any facts as to when and how they actually worked overtime and did not receive appropriate overtime wages subjects their unpaid overtime claim to dismissal. *See Landers*, 771 F.3d at 646 ("at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages."); *Raphael v. Tesoro Refining and Marketing Co. LLC*, No. 3:15-cv-02862-ODW(Ex), 2015 WL 4127905 at *3 (C.D. Cal. July 8, 2015) (plaintiff's failure to describe specific periods of time where pay was denied or specific practices were engaged in warranted dismissal of overtime claims); *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 114-115 (2d Cir. 2013) (upholding the dismissal of an unpaid overtime claim because of the plaintiff's failure to detail "***how occasionally***" or "***how long***" she worked in excess of her regular shift) (emphasis added); *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) (upholding the dismissal of an unpaid overtime claim because the Plaintiffs failed to include "sufficient detail about the ***length*** and ***frequency*** of their unpaid work to support a reasonable inference [of unpaid overtime]"); *Dejesus v. HF Management Services, LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (upholding dismissal of an unpaid overtime claim because that the applicable pleading standard "was designed to require plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible").[1]

> **2.   Plaintiffs' Overtime Claims Fails And They Should Not Be Granted Leave To Amend Because Putative Class Members Worked An Alternative Workweek Schedule.**

Plaintiffs' overtime claim also fails because Plaintiffs are not entitled to overtime

---

[1] The *Lundy*, *Nakahata* and *Dejesus* decisions were expressly cited with approval and quoted from extensively by the Ninth Circuit in *Landers*.  771 F.3d at 642-44 ("We are persuaded by the rationale espoused in the First, Second and Third Circuit cases.").

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

compensation for work exceeding eight hours per day in light of the alternative workweek schedule which applied to them and which this Court may take judicial notice of.

While courts are generally limited to the face of the complaint in considering a motion to dismiss, the Court may consider the public records of a government agency, such as the California Department Industrial Relations' alternative workweek election records, as matters of judicial notice. *See United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (consideration of documents attached to a complaint, incorporated by reference, or matters of judicial notice do not convert a motion to dismiss into a motion for summary judgment); *accord Hamilton v. Solano Irr. Dist.*, No. CIV S 1202727 KJM, 2013 WL 1499603 at *1 (E.D. Cal. Apr. 11, 2013). Courts may take judicial notice of "documents appearing on a governmental website," "contents of public records," and/or "the content of records and reports of administrative bodies." *See* Fed. R. Evid. 201(b); *Silvia v. EA Technical Servs., Inc.*, No. 15-cv-04677-JSC, 2018 WL 306690 at *2 (N.D. Cal. Jan. 5, 2018); *Jimenez v. Domino's Pizza, Inc.*, 238 F.R.D. 241, 246 (C.D. Cal. 2006) ("A court may also take judicial notice of the contents of public records."). Specifically, "[t]he official records of the State of California, as contained in the Department of Industrial Relations' official website, are a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of facts on a website of a government agency." *Ferguson v. Randy's Trucking, Inc.*, No. 1:15-cv-00697-JLT, 2016 WL 4082900 at *2 (E.D. Cal. Mar. 11, 2016).

Defendant requests that the Court take judicial notice of the alternative workweek schedule for its RNs and LVNs that it has registered with the California Department of Industrial Relations for its Visalia facility, which is located in the County of Tulare, where all of the named Plaintiffs worked. (*See* concurrently-filed Request for Judicial Notice.) The alternative workweek schedule election results for Defendant's Tulare County facility are matters of public record contained on the Department of Industrial Relations' website, and therefore are properly subject to judicial notice.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

10.

CASE NO. 1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

Although Plaintiffs' FAC omits any reference to an alternative workweek schedule, their allegations are consistent with such a schedule and Plaintiffs were likely well aware of the existence of an alternative workweek.  (FAC, ¶ 14.b.)

When evaluated in the context of Defendant's alternative workweek schedule, Plaintiffs have not asserted an overtime claim upon which relief can be granted.  Section 510 of the California Labor Code defines overtime obligations in California and provides various exceptions to such obligations, such as when an alternative workweek schedule is adopted pursuant to Section 511. Cal. Lab. Code 510(a).  Under the provisions of Section 511 of the California Labor Code, employees who are subject to alternative workweek schedules are only entitled to overtime compensation for hours worked in excess of their regularly scheduled hours established by the alternative workweek agreement and for any work in excess of 40 hours per week.  Cal. Lab. Code 511.  Moreover, under IWC Wage Orders 4 and 5, employers within the healthcare industry who adopt an alternative workweek schedule may schedule employees to work up to 12 hours per shift and overtime is only due for hours in excess of 12 per day or 40 per week.  Thus, Plaintiffs' allegations that they were regularly scheduled to work approximately three twelve-hour shifts per week and only received straight time pay and not overtime pay for such shifts fail to allege a plausible violation of California law.  On the contrary, such allegations are exactly consistent with the provisions of California's alternative workweek schedule exceptions to overtime requirements. The alternative workweek schedules, which Plaintiffs were all subject to given their work as RNs and LVNs at Defendant's facility in Tulare County (FAC, ¶¶ 1-7), further cements the implausibility of Plaintiffs' allegations that they routinely worked overtime shifts with Defendant's knowledge and yet were not properly compensated for such overtime.

Further, Plaintiffs do not offer any allegations in the FAC that plausibly assert a claim for hours worked in excess of 40 per week or for greater than 12 hours per day.  Plaintiffs' FAC

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

contains no allegations at all of unpaid overtime for hours worked in excess of 40 in a workweek. (*See generally,* FAC.)   Further, Plaintiffs specifically claim that they were regularly scheduled to work only three twelve-hour shifts per week, which would result in only 36 hours of work per week. (*Id.* at ¶ 14.b.)   Finally, as discussed above, while Plaintiffs allege "on information and belief" from an unidentified source that they "occasionally worked more than 12 hours per shift," Plaintiffs' allegations fail to include the requisite factual specificity to make such an assertion *plausible*. Merely referring to an "example" where some unidentified employee *may have* experienced, on *occasion*, an instance where they stayed at work a few minutes waiting for a relief employee is precisely the sort of allegation that "'raise[s] the possibility' of undercompensation" yet, "a possibility is not the same as plausibility" – especially when you only assert the allegation "upon information and belief" and never offer a concrete example of it occurring to *anyone*.[2]   *Landers*, 771 F.3d at 646.   At the end of the day, Plaintiffs fail to assert any factual allegations as to a specific instance in which they actually were required to work over twelve hours and were not properly paid. (*See generally,* FAC.)   Without such factual elaboration, the Court is left only with the *possibility* that such "occasions" occurred, and there is no plausible basis upon which to believe that a violation actually occurred and was experienced by these particular named Plaintiffs.   It would be simple enough to assert such factual allegations, particularly in light of the Court's Order dismissing Plaintiffs' Original Complaint, yet, Plaintiffs have chosen not to do so.

Plaintiffs should only be granted leave to amend if they can disclose specific facts in their Opposition that would cure this deficiency.   (*See Salameh*, 726 F.3d at 1133.)   Because Plaintiffs cannot credibly allege unpaid overtime, especially in light of the alternative workweek schedule that

---

[2]   Moreover, as discussed *infra*, Plaintiffs own allegations that all *seven* named Plaintiffs worked three twelve-hour shifts per week at the same facility during much of the same time period compel the conclusion that there was overlap of employees such that each named Plaintiff did not work alone and there was some level of redundancy in staffing at the Tulare County facility.   (FAC, ¶¶ 1-7.)   These factual allegations by Plaintiffs make their allegation of an employee working alone and having to wait for the arrival of a relief employee before departing decidedly implausible.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

applied to them, their overtime claim should be dismissed with prejudice.

C.   **Plaintiffs' Break Claims Should Be Dismissed Because They Failed To Amend As Instructed By The Court And The Additional Allegations Of The FAC Demonstrate That Plaintiffs' Allegations Are Impossible.**

Plaintiffs' meal and rest break claims are insufficiently pled for two reasons.  First, Plaintiffs have not alleged specific factual allegations to support their claims.  Second, the additional facts asserted by Plaintiffs lead to the logical conclusion that ***more than one*** nursing professional was staffed at any given time, rendering Plaintiffs' allegations impossible.

1.   **Plaintiffs Failed To Amend As Instructed By The Court.**

In their Original Complaint, Plaintiffs asserted the conclusory allegation that "Defendant failed to relinquish control over Plaintiffs and class members during meal breaks by failing to relieve them of all work obligations and by prohibiting them, either expressly or through regulation of their work requirements, from leaving the work premises during such breaks." (Compl., ¶ 33.)  The Court dismissed Plaintiffs' original break claims because without "facts showing what types of controls or restrictions precluded Plaintiffs from taking meal and rest breaks . . . the allegations that Plaintiffs were denied breaks are merely conclusory statements."  (Dkt. # 11, 6:23-25.)

In the FAC, Plaintiffs now allege the following as the basis for their break claims:

- On information and belief, that Defendant "implemented and communicated a policy prohibiting Plaintiffs and class members from leaving the work site during their scheduled work shifts";

- On information and belief, that Defendant had a contract with Tulare County "that required Defendant to keep at least one nursing staff member within the facility at all times";

- That Defendant carried out a business policy and practice to staff the county facilities with only one nursing professional;

- That Defendant implemented a policy and practice prohibiting the Plaintiffs and class members from leaving the work place during statutorily required off-duty meal and rest breaks.  (FAC, ¶14.d.)

The factual premise underlying all four of these statements is that Defendant staffed its facility with only one nursing professional at a time and, consequently, Plaintiffs missed breaks.  However, this allegation is merely conclusory and lacks the factual support required to *plausibly* suggest that

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

13.

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

Defendant forced Plaintiffs to forego breaks.  Plaintiffs do not cite to a single example of such an occasion where this occurred for any of them, and not a single Plaintiff alleges that he or she was ever the only nursing professional staffed on a shift or was, on at least one specific occasion, prohibited from leaving the premises as a result of Defendant's policies or practices.  Plaintiffs' failure to plead specific factual allegations as to their own experiences prevents a reasonable inference that the alleged missed break violations plausibly occurred.  Instead, Plaintiffs, again, have merely painted a picture of a possible scenario in which an unidentified individual could have been unable to take a legally compliant break, yet, stops short of alleging facts to suggest that any of these Plaintiffs actually experienced such a scenario.

Moreover, as discussed above, Plaintiffs' general, conclusory allegations—without any factual underpinning—are not entitled to credence because they are made on "information and belief," making it clear that they are not drawn from Plaintiffs' own personal knowledge.  *See Blantz*, 727 F.3d 917.  Plaintiffs do not offer any factual allegations as to the source of such "information and belief" or other supporting facts that would allow the Court or Defendants to accept such vague allegations as plausible allegations of meal and rest break violations.  There is no reason why Plaintiffs would be without the knowledge or information sufficient to affirmatively allege what they experienced while working for Defendant.   Plaintiffs should certainly have sufficient personal knowledge to allege whether they worked shifts alone or with any other RNs or LVNs and if *they*, specifically, were ever precluded from taking a break due to staffing needs or requirements.  Because such information is not uniquely within the possession of Defendant and because Plaintiffs fail to assert any factual allegations supporting such assertions, Plaintiffs allegations based on information and belief should be disregarded and Plaintiffs missed breaks claims again are due to be dismissed.  *See, e.g.*, *Solis*, 2012 WL 868681 at *8 ("In the post-*Twombly* and *Iqbal* era, pleading on information and belief, without more, is insufficient to survive a motion to dismiss for failure to state a claim."); *Crimson*, 2016 WL 5340528 at *3 ("if the factual allegations based on 'information and belief' are made without further facts, the allegations do not survive a motion to dismiss").

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

14.

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

2.     **The Additional Allegations Of The FAC Demonstrate That Plaintiffs' Missed Break Allegations Are Impossible.**

Even if the allegation that Defendant staffed its facility with only one nursing professional at a time was sufficient on its face to assert a missed break claim (it is not), it is contradicted by the more specific factual allegations contained in the FAC.  Consequently, Plaintiffs' break claims are not plausible.  Indeed, they are impossible based on Plaintiffs' asserted factual allegations.

Plaintiffs allege that they each worked at Defendant's Tulare County facility during May 2018.  (FAC, ¶¶ 1-7.)  As such, at least seven nursing professionals worked at the Tulare County facility during that month.  This, of course, is the most conservative conclusion possible based on the allegations.  Because Plaintiffs seek to represent a class of individuals so numerous that joinder of all members would be impractical (*Id.* at ¶ 17) it is reasonable to conclude that significantly more than seven nursing professionals worked at Defendant's Tulare County facility in May 2018.  Plaintiffs have also alleged that they and putative class members worked ***at least*** three twelve-hour shifts per week.  (*Id.* at ¶ 14.b.)

Assuming that only the seven named Plaintiffs worked at Defendant's Tulare County facility in May 2018 and assuming they only worked the minimum three twelve-hour shifts per week, it would not be possible for there to be only one nursing professional working at a time.  In one week there are fourteen twelve-hour shifts available (2 twelve-hour shifts per day * 7 days).  If each of the seven named plaintiffs worked three shifts per week, a total of twenty-one shifts were worked.  If twenty-one shifts were worked per week, then there had to have been more than one nursing professional staffed on at least some shifts.  As such, Plaintiffs' allegation that only one employee was staffed per shift is *not possible*.  Indeed, this inference is supported by the contractual language alleged by Plaintiffs that "required Defendant to keep ***at least one*** nursing staff member within he facility at all times." (FAC, ¶ 14.d. (emphasis added)).

The logical conclusion required by Plaintiffs' factual allegations – **that they did not work alone at Defendant's Tulare County facility** – is the opposite of what is alleged in support of their missed break claims.  If the Court disregards the allegation that Plaintiffs and class members worked alone – as it must based on the foregoing (*see Twombly*, 550 U.S. at 555 (acknowledging that the

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

requirement that a court accept as true all of the factual allegations contained in a complaint does not apply to legal conclusions)), then there is no factual support in the FAC for the conclusion that Defendant controlled Plaintiffs and restricted them from taking breaks by forcing them to work alone. Accordingly, Plaintiffs still have not stated valid break claims and those claims should again be dismissed.

**D.**      **Plaintiffs Failed To Correct Their Minimum Wage Claim As Instructed By The Court And Instead Deleted Even Their Conclusory Allegations In Support Thereof.**

In their Original Complaint, Plaintiffs alleged that they were not paid minimum wage for time automatically deducted as breaks and three other general categories of work for which Plaintiffs maintained they were not compensated. (Compl., ¶¶ 14, 42.) The Court granted Defendant's Motion to Dismiss because the Complaint contained no factual allegations showing how Plaintiffs remained under Defendant's control during breaks and because, while Plaintiffs asserted in their briefing in opposition to the Motion to Dismiss that there was unpaid time worked on tasks such as preparing reports, travel time, or time spent preparing for a shift for which they received no compensation, Plaintiffs included no allegations in their Complaint about such uncompensated work tasks. (Dkt. # 11, 8:10-15.)

Despite previously making arguments about such unpaid work tasks in briefing filed with the Court, in their FAC, Plaintiffs did not assert any allegations related to such categories of unpaid work. As such, their minimum wage claim is now entirely derivative of their meal and rest break claims. However, as explained above, Plaintiffs have not asserted factual allegations showing that Plaintiffs actually remained under Defendant's control during breaks. To the contrary, as set forth above, Plaintiffs' additional allegations illustrate that it is implausible that Plaintiffs actually worked alone and, therefore, were unable to take breaks. Accordingly, Plaintiffs' minimum wage claim should be dismissed with prejudice.

**E.**      **Plaintiffs' Claim For Inaccurate Wage Statements Is Again Based On Conclusory Allegations.**

Similar to their claims for unpaid overtime and minimum wage compensation and meal and rest period claims, on which Plaintiffs apparently base their fifth cause of action (*see* FAC, ¶ 47),

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

16.                    CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

Plaintiffs only provide conclusory allegations in support of their inaccurate wage statement claim:

- "Defendants, and each of them, knowingly and intentionally failed to provide wage statements containing complete and accurate information with respect to the items listed in California Labor Code 226(a).  Among other things, said wage statements do not accurately set forth the number of overtime hours worked, or the hours worked during times for which wages were deducted for meal breaks.  As a result, of such deficiencies, Plaintiffs and class members cannot promptly and easily determine from the wage statements alone the total hours worked each pay period and the applicable hourly rates for each of the regular, overtime, and double time hours worked each pay period.  Accordingly, the Plaintiffs and the class members have suffered injury as defined by California Labor Code Section 226(e)(2)." (FAC, ¶ 47.)

Plaintiffs fail to "identify a single deficient wage statement," *see Byrd v. Masonite Corp.*, No. 16-cv-00035JGB (KKx), 2016 WL 756523, at *3 (C.D. Cal. Feb 25, 2016), or set forth any specific factual allegations that would establish a plausible entitlement to relief.  And, as shown above, Plaintiffs have not pled any facts to demonstrate that Defendant failed to properly compensate Plaintiffs for all time worked.  Thus, Plaintiffs cannot sustain a derivative wage statement claim by simply reciting that Defendant failed to set forth the accurate "number of overtime hours worked" or "hours worked during times for which wages were deducted for meal breaks" and that Plaintiffs and the putative class were unable to "determine from the wage statements alone the total hours worked each pay period and the applicable hourly rates for each of the regular, overtime, and double time hours worked each pay period" to verify they were paid the proper amount.  Plaintiffs' allegations are vague and fail to provide sufficient notice to Defendant as to the claim asserted against it, impeding Defendant's ability to properly answer and defend against the claim, and therefore should be dismissed.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (stating that the allegations in a complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively").  Courts have dismissed similar claims with only conclusory allegations and which fail to provide factual context sufficient to determine whether such claims are plausible or not.  *See Harding v. Time Warner, Inc.*, No. 09cv1212-WQH-WMc, 2009 WL 2575898 at *4 (S.D. Cal. Aug. 18, 2009); *accord Ritenour*, 228 F. Supp. 3d at 1033 (plaintiff's inaccurate wage statement claim fails as it fails "to describe a single instance of such violations").

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

17.

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

Further, Plaintiffs' inaccurate wage statement claim fails to include any specific *facts* detailing Plaintiffs' alleged injury as a result of any purported inaccurate wage statements.  *See Johnson v. Sky Chefs, Inc.*, No. 11-CV-05619-LHK, 2012 WL 4483225 at *9 (N.D. Cal. Sept. 27, 2012) (dismissing inaccurate wage statement claim where plaintiff "identified only vague and speculative injuries").  "A plaintiff must adequately plead an injury arising from an employer's failure to provide full and accurate wage statements, and the omission of the required information alone is not sufficient." *See Angeles v. U.S. Airways, Inc.*, No. C 12-05860 CRB, 2013 WL 622032 at *10 (N.D. Cal. Feb. 19, 2013); *Milligan v. American Airlines, Inc.*, 577 Fed. Appx. 718, 719 (9th Cir. 2014).  Plaintiffs' inaccurate wage statement claim does not include any factual allegations describing *either* an instance when Plaintiffs actually received inaccurate wage statements *or* the alleged injury Plaintiffs claim to have suffered as a result of such violations.  Thus, Plaintiffs' inaccurate wage statement claims are due to be dismissed with prejudice.

**F.     Plaintiffs' Claim For Waiting Time Penalties Is Again Based On Conclusory Allegations.**

Plaintiffs' waiting-time penalty claim under Labor Code Sections 201, 202, and 203 hinge on their overtime, minimum wage, and meal and rest break claims.  (*See* FAC, ¶ 50.)  The allegations asserting those claims are entirely deficient, as discussed above.  Further, as with their allegations in support of those claims, Plaintiffs' waiting-time claim allegations consist of nothing more than regurgitation of the statutory elements and rely on conclusory allegations devoid of any factual detail:

- "During the class period, the some Plaintiffs and class members terminated their employment, voluntarily or involuntarily, with Defendant employers.  California Labor Code sections 201, 202, and 203, and other California law require employers to pay all wages due and owing immediately upon an employee's involuntarily termination of employment, and within 72 hours to employees who quit voluntarily.  Defendants, and each of them, failed to pay all wages due and owing to employees whose employment was terminated, in that no payment ever has been made to any of such employees for the unpaid minimum wages, overtime wages, double-time wages, meal and rest break premiums, and other wage claims herein alleged.  The statutory time for payment has expired for all such employees." (FAC, ¶ 50.)

- Defendants, and each of them, willfully failed to pay Plaintiffs and class members all the wages due and owing at the time of discharge in that, among other things, said Defendants knew or had reason to know that no overtime or double time wages had

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

18.

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

been paid to them, and wages had been deducted on a daily basis for off-duty meal breaks that were not provided, all as hereinabove alleged." (FAC, ¶ 51.)

Once again, Plaintiffs fail to identify any specific amount of wages that were due to them at termination and not paid – instead they lump together several broad categories of theoretical wages, and then assert in conclusory fashion that some unidentified combination of such "wages" has not been paid at termination.  And, Plaintiffs do not even allege who is due unpaid wages, alleging instead that only "some Plaintiffs and class members terminated employment" without naming any such person.  (FAC, ¶ 50.)  Thus, the Court is left to completely guess as to who among the Plaintiffs terminated employment and is due what wages.  Plaintiffs' threadbare recitals of the elements of this claim cannot survive a motion to dismiss and should be dismissed.  *See Weigele v. FedEx Ground Package Sys., Inc.*, No. 06-cv-1330, 2010 WL 4723673, at *4 (S.D. Cal. Nov. 15, 2010) (court found insufficient allegation that "Defendant . . . willfully failed and refused, and continues to fail and refuse to pay wages promptly when due upon termination of employment to each of the Plaintiffs."); *Schneider v. Space Systems/Loral Inc.*, No. 11-02489, 2012 WL 476495, at *3 (N.D. Cal. Feb. 14, 2012) (same).

### G.    Plaintiffs' Claim For Unfair Competition Is Again Based On Conclusory Allegations.

Plaintiffs' claim for violation of the California Business & Professions Code Section 17200 *et seq.* is predicated on their first through sixth causes of action.  (FAC, ¶¶ 53-56.)  Because, as discussed above, Plaintiffs fail to sufficiently plead their first through sixth causes of action, their seventh cause of action is also subject to dismissal for conclusory allegations that do not meet the minimum pleading requirement.  *Renick v. Dun & Bradstreet Receivable Management Services*, 290 F.3d 1055, 1058 (9th Cir. 2002) (a violation of California Business & Professions Code section 17200 *et seq.* generally requires the plaintiff establish a violation of an underlying statute); *see also Weigele v. FedEx Ground Package Sys., Inc.*, No. 06-cv-1330, 2010 WL 4723673, at *4, n. 5 (S.D. Cal. Nov. 15, 2010) (dismissing plaintiffs' labor code claims for failure to plead sufficient factual allegations and noting that "[b]ecause Plaintiffs' unfair competition claim derives from their overtime claims and meal and rest period claims, the unfair competition claim fails if the other

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

19.

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

claims fail"). Accordingly, Plaintiffs' unfair competition claim should be dismissed for failure to state a claim upon which relief may be granted.

### H. Plaintiffs Lack Standing To Sue For Injunctive Relief

By way of their seventh cause of action, Plaintiffs again seek prospective injunctive relief. (FAC, ¶ 58; Prayer for Relief at ¶ 4.) However, to have standing to bring a claim for injunctive relief, a plaintiff must show that he or she has (1) suffered injury that (2) was caused by the defendant and (3) "is likely to be redressed by the relief [they] seek[]." *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (citation omitted). As former employees (FAC, ¶¶ 1-7), Plaintiffs are unable to demonstrate that Defendant can redress their alleged injuries by future actions, and, thus, may not bring claims for prospective injunctive relief. *See, e.g., Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2559 (2011) ("plaintiffs no longer employed by Wal-Mart lack standing to seek injunctive or declaratory relief against its employment practices"); *Ellis v. Costco Wholesale Corp.*, 657 F. 3d 970, 986 (9th Cir. 2011) (finding that named plaintiffs in a class action case lacked standing to sue for injunctive relief regardless of whether the certified class included both current and former employees of the defendant-employer).

In the context of a putative class action, "[u]nless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief," *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999). "Any injury unnamed members of this proposed class may have suffered is simply irrelevant to the question of whether the named plaintiffs are entitled to the injunctive relief they seek." *Id*. Accordingly, Plaintiffs' claims for injunctive relief under California Business & Professions Code section 17200 should be dismissed with prejudice.

## IV. PLAINTIFFS' STATE-WIDE CLASS DEFINITION SHOULD BE DISMISSED AND/OR STRICKEN.

Where it is clear that there is no basis for class relief under facts consistent with the allegations as asserted, dismissal of class claims pursuant to Rule 12(b)(6) is appropriate. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009) (granting dismissal of complaint and striking all of the purported class claims); *Roberson v. Danny Ontiveros Trucking*, No. CV-F-08-0552 LJO SMS, 2008 WL 4809960 at *6

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

20.

CASE NO. 1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

(E.D. Cal. Nov. 3, 2008) (granting defendants' 12(b)(6) motion to dismiss class allegations with respect to certain claims because plaintiffs could not state a claim for numerosity of a class).  Courts have increasingly dismissed California class action complaints asserting wage and hour claims that are devoid of factual allegations. *See Deleon v. Time Warner Cable LLC*, No. CV 09-2438 AG RNBX, 2009 WL 9426145, at *3-4 (C.D. Cal. July 17, 2009) (dismissing class action complaint asserting wage and hour violations for "slavishly repeat[ing] the statutory language as to the purported factual allegations"); *Sasha Ovieda v. Sodexo Operations, LLC*, No. CV 12-1750-GHK SSX, 2012 WL 1627237, at *2-4 (C.D. Cal. May 7, 2012) (dismissing wage-and-hour class action for failing to meet *Iqbal* factual pleading standards); *Schneider v. Space Systems/Loral Inc.*, No. C 11-2489 MMC, 2012 WL 476495, at *2-3 (N.D. Cal. Feb. 14, 2012) (same); *see also Anderson v. Blockbuster, Inc.*, No. 210CV00158MCEGGH, 2010 WL 1797249, at *2-4 (E.D. Cal. May 4, 2010) (dismissing a complaint for California Labor Code violations where the conclusory allegations did not meet minimum pleading requirements).  As instructed by the Supreme Court, a "district court must . . . insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558.

Moreover, "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013); *see also Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1043 (N.D. Cal 2014) (acknowledging that class allegations can be stricken at the pleading stage); *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011) (same).

To the extent all of Plaintiffs' claims are not dismissed with prejudice for failure to state a claim, Defendant requests the Court dismiss and/or strike Plaintiffs' state-wide class allegations. Plaintiffs' FAC confirms that Plaintiffs are unable to plead facts that would plausibly support the conclusion that other employees at Defendant's other locations in California allegedly experienced Plaintiffs' claimed wage and hour violations in a similar fashion as required to pursue class relief.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

21.                                    CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

1   *See Sanders*, 672 F. Supp. 2d at 978 (granting dismissal of complaint and striking all purported class

2   claims for failure to satisfy Federal Rule of Civil Procedure 23 requirements, including

3   demonstrating that there are questions of law or fact common to the class, the claims of the

4   representative part are typical of the claims or defenses of the class, the representative party will

5   fairly and adequately protect the interests of the class, and the class is so numerous that joinder of all

6   members is impracticable).

7          More specifically, as Plaintiffs' FAC makes apparent, Plaintiffs all worked only at

8   Defendant's Tulare County facility. (FAC, ¶¶ 1-7.)  Further, Plaintiffs' legal theories are based only

9   on circumstances which Plaintiffs claim existed at the Tulare County facility.  Plaintiffs contend that

10  while working at the Tulare County facility they were regularly scheduled to work three twelve-hour

11  shifts which led to unpaid daily overtime and double time, yet, Plaintiffs fail to include any factual

12  allegations as to the schedules or work experiences of any putative class members at other facilities.

13  Plaintiffs similarly fail to allege any basis for how they might know about the experiences,

14  schedules, staffing or pay (or lack thereof) of any employees working at other California facilities at

15  which they admittedly did not work.  *See Flores v. Starwood Hotels & Resorts Worldwide, Inc.*, No.

16  SACV 14-1093 AG, 2015 WL 12912337 at *4 (C.D. Cal. Mar. 16, 2015) (where "[p]laintiffs do not

17  demonstrate Plaintiffs' knowledge of, or reasonable belief concerning, the employment practices

18  across departments at their own work sites, let alone across other California locations" the court

19  "cannot draw the reasonable inference that the defendant is liable for the misconduct alleged" and

20  the class allegations are due to be dismissed).  Further, Plaintiffs do not allege the existence of

21  statewide policies or practices giving rise to their claims.  (*See generally,* FAC); *see Ortiz v. Sodexo*

22  *Operations, LLC*, No. CV-10-04158 R (RCx), 2010 WL 11552888 at *1 (C.D. Cal. Aug. 12, 2010)

23  (dismissing class claims where plaintiff fails to show that defendant "had any statewide policies or

24  practices giving rise to plaintiff's causes of action").

25         Indeed, Plaintiffs' allegations implicitly suggest that they do not have standing to represent a

26  state-wide class as they concede that Defendant's operations and practices in different locations were

27  based upon contracts with the counties in which they were located.  (*See* FAC, ¶ 8 (Defendant

28  "entered into contracts with various counties throughout the State of California supply [sic] its

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

22.

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN
THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

1    employee RN's and LVN's to provide health care services to individuals incarcerated within

2    correctional facilities throughout the State of California."), ¶ 14.d. ("Defendant's, and each of their

3    [sic], contract with Tulare County, and other counties throughout California . . .").)   Plaintiffs

4    contend that due to the staffing provisions of a contract with Tulare County, they were unable to take

5    legally compliant breaks.   Yet, Plaintiffs allege zero facts as to similar contractual provisions in

6    place at other facilities or any other state-wide policy or practice impeding class members' ability to

7    take breaks as needed (let alone how Plaintiffs would have any knowledge of such other contracts,

8    policies or practices impacting class members at other facilities).   The closest Plaintiffs get to

9    asserting such facts is vaguely and generally alleging *on information and belief* that Defendant's

10   contract with Tulare County "and other counties throughout out California" [sic] included a

11   provision to keep at least one nursing staff member within the facility.   (FAC, ¶ 14.d.)   Yet,

12   Plaintiffs plead no facts demonstrating how they would have any knowledge as to the contractual

13   provisions in place at other facilities where they did not work, do not allege which county contracts

14   allegedly contained such contractual provisions, nor do they allege which facilities were subject to

15   such contracts.   Notably, even if such contractual provisions did exist, Plaintiffs fail to allege facts

16   suggesting similar experiences or circumstances – such as occasionally waiting for relief nurses –

17   that existed at other facilities which caused putative class members to work unpaid overtime or

18   double time or to actually miss breaks (or how Plaintiffs would have any knowledge of such

19   experiences).[3]

20        Ultimately, because each of the Plaintiffs worked at Defendant's Tulare facility and nowhere

21   else, there is no basis upon which to find any factual allegations sufficiently supporting state-wide

22   claims.   *See Mendez v. H.J. Heinz, L.P.*, No. CV 12-5653-GHK, 2012 U.S. Dist. LEXIS 170785 at

23   *13-*14 (dismissing class allegations where plaintiff's "allegations at most show that [alleged]

24   policies are implemented" only where plaintiff actually worked, and "do not plausibly suggest that

25   the policies are implemented on a statewide basis[.]")   Plaintiffs' barebones conclusory allegations

26

27   _____
     [3] The remainder of Plaintiffs' class claims are all contingent upon their unpaid overtime and missed
28   break claims, thus, Plaintiffs' failure to plead a statewide class basis for relief as to these claims
     renders all of their class allegations due to be dismissed as a matter of law.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

23.                  CASE NO.  1:18-CV-01395-LJO-SAB
DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN
THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

and lack of factual assertions as to the experiences of putative class members at other facilities throughout California fails to state a plausible claim for common relief across class members. Where, as here, Plaintiffs' allegations fail to assert a common basis for relief along a common theory of liability for all putative class members, dismissal of class action allegations is appropriate. *Ortiz*, 2010 WL 11552888 at *1 (dismissing wage and hour class allegations where "plaintiff's complaint is devoid of specific factual allegations of how defendants supposedly treated all putative class members the same . . . with respect to rest breaks, meal periods . . . failure to pay overtime compensation or minimum wage, payment of final wages, and wage statements").

"Sometimes[,]" like in this case, "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982).   Where, as here, it is apparent from the pleadings that the class claims cannot be maintained, courts may grant a motion to dismiss class claims and strike class allegations. *See Sanders*, 672 F. Supp. 2d at 990-91.   At most, Plaintiffs have alleged facts related to the Tulare County facility.   There are no facts asserted that relate to any other location and also no facts to support an inference that other locations operated as the Tulare County facility operated. Accordingly, Defendant respectfully requests the Court dismiss and/or strike Plaintiffs' state-wide class allegations pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f).

## V.   CONCLUSION

Plaintiffs have again failed to sufficiently support their asserted claims with factual allegations.  Because Plaintiffs were unable to cure the deficiencies of their Original Complaint, the FAC should be dismissed with prejudice.  In the alternative, if Plaintiffs' claims are not dismissed with prejudice, the state-wide class allegations should be dismissed and/or stricken because the facts do not support an inference that Defendant's state-wide employees were subjected to the same policies and practices as the named Plaintiffs in the Tulare County facility.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

24.

CASE NO.  1:18-CV-01395-LJO-SAB

DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION

Dated:  December 20, 2018                    LITTLER MENDELSON, P.C.


By: _/s/ Barbara A. Blackburn_____
    BARBARA A. BLACKBURN
    BRITNEY N. TORRES
    Attorneys for Defendant
    Corizon Health, Inc.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

25.                    CASE NO.  1:18-CV-01395-LJO-SAB
DEFENDANT'S MPA ISO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT AND, IN
THE ALTERNATIVE, MOTION TO DISMISS OR STRIKE STATE-WIDE CLASS DEFINITION