# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE MORRELLI, et al., | Case No. 1:18-cv-01395-NONE-SAB |
| Plaintiffs, | ORDER RE STIPULATION TO EXTEND STAY OF ACTION FOR THIRTY DAYS |
| v. | (ECF No. 46) |
| CORIZON HEALTH, INC., | |
| Defendant. | |

Plaintiffs, on behalf of themselves and a putative class of similarly situated individuals, filed a complaint against Defendant Corizon Health, Inc. ("Defendant") in Fresno County Superior Court on September 5, 2018, alleging various wage-and-hour claims under California law. On October 9, 2018, Defendant removed the complaint to the Eastern District of California. (ECF No. 1.) After two motions to dismiss were filed and decided by the district judge, this action is now proceeding on Plaintiff's second amended complaint, filed on March 1, 2019. (ECF No. 25.)

On July 19, 2019, this matter was stayed at the parties' request to allow for settlement negotiations, and the scheduling order was amended. (ECF No. 36.) On August 28, 2019, the Court granted the parties' stipulated request to stay the action for sixty (60) days, and the Court vacated the scheduling order with instructions to file a joint statement with proposed dates if the action did not settle. (ECF No.41.) On November 18, 2019, the parties filed a stipulation

requesting a further stay of this action for ninety (90) days, proffering that since the initial stay of the action, they had been diligently working on settlement negotiations, however, the negotiations had been delayed due to the medical needs of counsel, and due to waiting for an expert report. (ECF No. 43.) On November 19, 2019, pursuant to the stipulation, the Court extended the stay of this action, and specified that the stay would automatically lift on February 17, 2020, unless the parties filed a stipulation requesting a further stay. (ECF No. 44.)

On February 24, 2020, the parties filed a stipulation requesting the stay of this matter be continued an additional thirty (30) days. (ECF No. 46.) In the filing, the parties state they: (1) remain engaged in active efforts exchanging information to assist in settlement negotiations; (2) have recently exchanged expert information regarding valuation of damages and are discussing their position regarding such valuation; and (3) the parties are working on an agreement to attend mediation, and believe in the next thirty days they will be able to reach an agreement as to mediation and finalize their positions regarding damages to conclude settlement discussions. (Id.)

The Court notes that the stipulation does not address the fact that it was not filed until after the stay expired pursuant to the previous order continuing the stay only until February 17, 2020. (ECF Nos. 44, 46.) The Court is also concerned that the parties only state they hope to come to an agreement on mediation in the next thirty days, however, it is likely they will seek an additional extension of the stay to accommodate such mediation if it occurs. Nonetheless, given the parties statements describing continued good faith settlement negotiations and desire to conclude the settlement negotiations now that the parties have the expert valuation reports in hand, the Court finds good cause to reinstate the stay of this action for the parties to further work on settlement. The parties are cautioned to exercise more caution in the future and ensure that any further request to continue the stay of this action is filed before the expiration of the stay.

Accordingly, IT IS HEREBY ORDERED that:

1. This matter is STAYED until March 25, 2020;
2. The stay will automatically lift on March 25, 2020, unless the parties file a stipulation requesting a further stay; and

3. Within seven (7) days of the stay of this action lifting, the parties shall file a joint statement setting forth proposed dates if the action has not settled.

IT IS SO ORDERED.

Dated: __**February 24, 2020**__

_____
UNITED STATES MAGISTRATE JUDGE